[Nos. 34345, 34416.  *En Banc.*  June 4, 1959.]

THE STATE OF WASHINGTON, *Appellant*, v. DELMORE OLSEN, *Respondent, In the Matter of the Contempt Proceedings of* RICHARD PENHALLURICK.[1]

[1]Reported in 340 P. (2d) 171.

*Paul Klasen*, for appellant.

*Collins & White*, for respondent.

FINLEY, J.—On April 30, 1957, Delmore Olsen was charged with second-degree murder. Subsequently, he moved that the trial court order Richard D. Penhallurick, the coroner for Grant county, to appear on May 3, 1957, and show cause why a copy of an autopsy report should not be delivered to defendant Olsen. This report was the result of an autopsy which had been performed on the person that defendant Olsen had allegedly killed. After a hearing on May 3rd, the trial judge entered an order directing appellant Penhallurick to deliver a copy of the autopsy report to defendant Olsen. No appeal was taken from that order.

On May 6, 1957, the trial court issued an order directing Penhallurick to appear on May 10, 1957, and show cause why he should not be adjudged in contempt for failure to comply with the order of May 3rd. At the hearing on May 10th, Penhallurick sought to have the court reopen the hearing of May 3rd. He did not contend that he was unable to comply with the order of May 3rd, but rather that this order was erroneous. The trial court refused to reopen the prior hearing, and it entered an order holding Penhallurick in contempt for failure to comply with a lawful order of the court. The trial judge also entered an order striking the case of *State v. Olsen* from the jury calendar until such time as Penhallurick complied with the court's order concerning the autopsy report—or until such time that this court on appeal might determine that it was not necessary for Penhallurick to comply with the trial court's order. The instant

appeal is taken from the order holding Penhallurick in contempt. In addition, the state of Washington (hereinafter referred to as the state) has appealed from the trial court's order striking the case from the jury calendar.

As indicated above Penhallurick did not appeal from the order of May 3rd, which directed him to deliver a copy of the autopsy report to defendant. However, he is attempting to attack this order collaterally by appealing from the order holding him in contempt.

The limitations of an appellate court in reviewing a citation for contempt are discussed in 12 A. L. R. (2d) 1059, 1066, wherein it is said:

"It has been said that there are three jurisdictional essentials necessary to the validity of every judgment: (1) jurisdiction of parties; (2) jurisdiction of the subject matter, and (3) power or authority to decide the particular matters presented. Each of these three elements must be present to make a decree or judgment of a court of competent jurisdiction valid and binding so that such judgment or decree cannot be subject to collateral attack. The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry, not whether its conclusion in the course of it was right or wrong. In deciding the existence of jurisdiction, the court is not called upon to say whether it decided right or wrong in granting the injunction, but whether it became the duty of the court to decide that it should be either granted or denied. If such was its duty, then it had jurisdiction, and its decision, be it correct or erroneous, is the law of the case until it is reversed upon appeal, and can only be questioned upon a direct proceeding to review it, and not collaterally. [Citing cases.]"

In *State v. Lew* (1946), 25 Wn. (2d) 854, 172 P. (2d) 289, this court stated:

"In *State ex rel. Ewing v. Morris*, 120 Wash. 146, 158, 207 Pac. 18, we quoted from 6 R. C. L. 502, § 15, as follows:

" ' "It is a general principle that a disobedience of any valid order of the court constitutes contempt, unless the defendant is unable to comply therewith," '
the opinion continuing:

" 'The defendant may question the order which he is charged with refusing to obey only in so far as he can show it to be absolutely void; he cannot be heard to say that it

was merely erroneous, however flagrant it may appear to be, since judgments of courts cannot be attacked collaterally for mere irregularities [citing authority].' "

■■ A litigant may defend against a citation of contempt for refusal to obey an order of court by urging (a) inability to comply or (b) lack of jurisdiction of the court in entering the order. Penhallurick urges no such grounds as a defense. We are convinced that the trial court had jurisdiction to enter the order of May 3rd.

■■ If it can be said that the state, by its appeal, has raised in this court a question as to the correctness of the order of May 3rd, this would be of no significance as to Mr. Penhallurick for the reasons indicated above. Furthermore, the question in so far as the state is concerned is answered by the decision in *State v. Thompson* (1959), *ante* p. 100, 338 P. (2d) 319. In that case we held that it was within the discretion of the trial court to determine whether the alleged criminal defendant, Mr. Thompson, should be entitled to a copy of an autopsy report. The record in the case at bar does not indicate any abuse of judicial discretion by the court in ordering Mr. Penhallurick to produce a copy of the autopsy report.

On the basis of the foregoing, we have concluded that the judgments of the trial court should be affirmed. However, because of the probability that Mr. Penhallurick believed that his actions were justified under the holding of this court in *State v. Petersen* (1955), 47 Wn. (2d) 836, 289 P. (2d) 1013, we believe he should be given an opportunity to purge himself of the contempt citation. Accordingly, the judgment of the trial court is affirmed, but the appellant Penhallurick is hereby given ten days within which to comply with the trial court's order of May 3rd. If, at the end of this period, Mr. Penhallurick has not complied with the order, then the judgments of the trial court shall be executed forthwith. It is so ordered.

WEAVER, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.

MALLERY, J. (dissenting)—I dissent. An appeal from an order of contempt, or any other appealable order, is a nullity if it cannot reach the merits of the order from which the appeal is taken.

HILL and OTT, JJ., concur with MALLERY, J.

HUNTER, J., did not participate.

[1]Reported in 340 P. (2d) 173.