[No. 12328-2-II.   Division Two.   May 15, 1990.]

THE STATE OF WASHINGTON, *Appellant,* v. GRANT WINN GILKINSON, *Respondent.*

C. *Danny Clem, Prosecuting Attorney,* and *Irene K. Asai, Deputy,* for appellant.

*Jeffrey D. Cohen,* for respondent.

ALEXANDER, C.J.—The State of Washington appeals an order of the Kitsap County Superior Court requiring deletion and expungement of all state and local agency records showing that Grant Gilkinson was arrested and convicted for taking a motor vehicle without permission. We reverse.

In 1983, Grant Gilkinson pleaded guilty in Kitsap County Superior Court to one count of taking a motor vehicle without permission. Sentence was deferred and Gilkinson was placed on probation for 1 year. On February 15,

1984, following satisfactory completion of probation, Gilkinson was permitted to withdraw his plea of guilty and enter a plea of not guilty, following which an "Order of Dismissal" was entered.

In 1987, Gilkinson filed a motion in Kitsap County Superior Court, pursuant to RCW 10.97.060 of the Washington State Criminal Records Privacy Act, for an order deleting and expunging records of the Bremerton Police Department, Kitsap County Sheriff's Department, Washington State Patrol, and any other agency of the State of Washington showing his arrest and conviction for the offense noted above.[1] The trial court granted the motion and entered an order granting the relief requested.

Only one issue is presented in this appeal: Did the trial court err in granting Gilkinson's motion to delete and expunge information from the records of the various state and local agencies?

The Superior Court premised its authority to delete the records in question upon RCW 10.97.060. That statute provides, in pertinent part:

> Criminal history record information which consists of nonconviction data only shall be subject to deletion from criminal justice agency files. . ..
> Such criminal history record information consisting of nonconviction data shall be deleted upon the request of the person who is the subject of the record: . . ..
>
> . . . .
> Nothing in this chapter is intended to restrict the authority of any court, through appropriate judicial proceedings, to order the modification or deletion of a record in a particular cause or concerning a particular individual or event.

Nonconviction data is defined in RCW 10.97.030(2) as:

> . . . all criminal history record information relating to an incident which has not led to a conviction or other disposition adverse to the subject, and for which proceedings are no longer actively pending. . . .

---

[1] Gilkinson also sought to delete records in the possession of the Federal Government. He later withdrew this request.

A dismissal entered after a period of probation, suspension, or deferral of sentence is expressly defined as a disposition adverse to the subject. RCW 10.97.030(4).

The State, citing RCW 10.97.030(4), argues that the disposition of the taking a motor vehicle charge was "adverse" to Gilkinson and, thus, not subject to deletion under RCW 10.97.060. Gilkinson appears to concede that the disposition was adverse, but contends that the trial court's authority to order deletion of criminal history records under RCW 10.97.060 is not limited to records of nonconviction data.

■ Gilkinson rests his argument upon the last paragraph of RCW 10.97.060, which states that RCW 10.97 is not intended to "restrict the authority of any court" to order the modification or deletion of a record in a particular cause or concerning a particular individual or event. In our opinion, this "savings clause" does not amount to a general grant of authority to the superior court to order deletion or modification of criminal records, including records of dispositions adverse to the party seeking the modification or deletion of a record.[2]

The reference in RCW 10.97.060 to the court's "authority" to delete or modify records in RCW 10.97.060 clearly refers to authority a court may possess independent of the Washington State Criminal Records Privacy Act. Accordingly, the action of the trial court would not appear justified under RCW 10.97.060 alone. As for other statutory

---

[2]We note that the Legislature's reference in RCW 10.97.060 to a court's authority to order modification or deletion of criminal records would not appear to include the expungement or destruction of such records. On the contrary, the following debate on the floor of the House regarding the effect of "deleting" a record under RCW 10.97.060, would indicate that the Legislature merely intended such records to be removed from public access:

Mr. Douthwaite: "One more question, Representative Hanna: When it says that the data may be subject to deletion, does that mean that it is an order to erase it? What does that mean?"

Mr. Hanna: "That doesn't say that the law enforcement or other criminal agencies that have their own records for their own use have to be deleted. It means that any record that would be available to the public or to the media, would have to be deleted."

House Journal, 45th Legislature (1977), at 1599–1600.

authority to delete records of felony convictions, Gilkinson has cited none, and we know of no such authority.[3]

Counsel for Gilkinson asserted, during oral argument, that the trial court's action may be affirmed on the basis of the court's inherent judicial power. Again, we disagree. The inherent powers of courts are generally limited to such powers as are essential to the existence of the court and necessary to the orderly and efficient exercise of its jurisdiction. *In re Hayes,* 93 Wn.2d 228, 243, 608 P.2d 635 (1980) (Rosellini, J., dissenting); 20 Am. Jur. 2d *Courts* § 78 (1965). Such powers are strictly procedural in nature and do not confer any substantive authority nor increase the jurisdiction of the court. *Ladenburg v. Campbell,* 56 Wn. App. 701, 784 P.2d 1306 (1990).

Courts of this state have been recognized as possessing the power to: compel funding of their own functions; punish for contempt; insure a fair criminal trial; appoint counsel for a criminal defendant; grant bail; review actions of public officials; compel attendance of witnesses and the production of evidence; regulate practice of law; control photography in court; and correct errors in the records. *In re Juvenile Director,* 87 Wn.2d 232, 246, 552 P.2d 163 (1976); 20 Am. Jur. 2d *Courts* § 79 (1965).

Our courts have, however, consistently adhered to the view that the fixing of punishments for criminal offenses is solely a legislative function, subject, of course, to the constitutional limitation on the imposition of cruel and unusual punishment. *State v. Mulcare,* 189 Wash. 625, 66 P.2d 360 (1937); *State ex rel. Lundin v. Superior Court,* 102 Wash. 600, 174 P. 473 (1918); *State v. Bird,* 95 Wn.2d 83, 622 P.2d 1262 (1980). As stated in *Mulcare*:

> It is the function of the judicial branch of the government to determine the guilt of persons charged with crimes and to

---

[3]We note that a superior court does have authority, under limited circumstances, to purge, modify or supplement criminal record offender information where such information is inaccurate or incomplete. RCW 43.43.730. A superior court may similarly vacate an offender's record of conviction following discharge upon completion of sentence under limited circumstances. RCW 9.94A.230.

impose the sentence provided by law for the crime of which a particular individual has been found guilty. But the execution of the sentence and the application of the various provisions for the mitigation of punishment and the reformation of the offender are administrative in character and are properly exercised by an administrative body, according to the manner prescribed by the legislature.

(Citations omitted.) *Mulcare,* 189 Wash. at 628.

The disposition of criminal records is a matter that would appear to be related to the punishment and reformation of offenders. Such functions, as stated above, are uniquely within the Legislature's domain. *See State ex rel. Lundin v. Superior Court, supra.* In addition, the expungement of a particular individual's criminal record benefits only the individual and, thus, cannot be said to be necessary for the orderly and efficient administration of justice. We conclude, therefore, that absent a statutory grant of authority, the Superior Court lacked the authority to grant the relief requested by Gilkinson.

Reversed.

WORSWICK, J., and FARIS, J. Pro Tem., concur.