[No. 22891-2-II.    Division Two.    February 5, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. DEAN ELLIOTT
SHINEMAN, *Appellant*.

*Sean P. Wickens* of *Law Offices of Sverre O. Staurset, P.S.*, for appellant.

*John W. Ladenburg, Prosecuting Attorney*, and *Michael L. Sommerfeld, Deputy*, for respondent.

HUNT, J. — Dean Elliott Shineman appeals the trial court's denial of his request for specific performance of a plea agreement, under which the State agreed that, if Shineman complied, he could withdraw his plea and the State would dismiss and expunge the charge from his record. But after Shineman complied with the terms and conditions of the plea agreement, the State objected to his Motion to Dismiss and Expunge the Record; and the trial court denied his Motion for Specific Performance of Plea Agreement, ruling that RCW 10.97.060 gives expungement discretion to law enforcement agencies, not to courts. Holding that the trial court erred in declining to order the State

to expunge Shineman's record as agreed in the plea bargain, we reverse.

## FACTS

On February 26, 1996, Dean Elliott Shineman pleaded guilty to fourth degree assault. The plea agreement between Shineman and the State provided that: (1) Shineman must abide by the law, have no contact with the other person involved in the assault, pay $100 to the crime victims' fund, and pay $110 court costs; and (2) if Shineman complied with all conditions, at the end of one year the State would recommend dismissal of the charge and expungement of the charge from his record.

Shineman complied with all conditions of the plea agreement. At the end of one year, on September 12, 1997, he filed a Motion to Dismiss and Expunge the Record under the plea agreement and RCW 10.97.060. The State agreed to dismissal of the charge, and the court signed an order of dismissal. But the State unexpectedly objected to expungement, arguing that the prosecutor who had signed the plea agreement apparently had not noticed the expungement language and that the court had no authority under RCW 10.97.060, as interpreted in *State v. Gilkinson*,[1] to order the State to expunge its records.

Shineman filed a Request for Specific Performance of Plea Agreement, arguing that *State v. Miller*[2] required that the plea agreement be enforced, even if in conflict with a statute. The State responded that: (1) expungement had not been discussed during plea bargaining; (2) the prosecutor who had approved the expungement language should not have done so and was not the prosecutor who was familiar with the case; and (3) the court had no authority under RCW 10.97.060 to order the State to expunge Shineman's record. Believing that it had authority only to order

[1] 57 Wn. App. 861, 790 P.2d 1247 (1990).

[2] 110 Wn.2d 528, 756 P.2d 122 (1988).

the State to exercise its discretion under RCW 10.97.060, the court denied Shineman's request to order the State to expunge his record. The court did, however, indicate that it would order the State to expunge Shineman's record unless the State could provide a good reason for not doing so. Ultimately, the trial court reaffirmed its denial of specific performance, and Shineman appealed.

## ANALYSIS
### I. ENFORCEABILITY OF PLEA AGREEMENT

A plea agreement, once accepted by the trial court, is binding on the prosecutor. *State v. Schaupp*, 111 Wn.2d 34, 38, 757 P.2d 970 (1988). The State acknowledges that when a criminal defendant's guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *State v Johnson*, 23 Wn. App. 490, 596 P.2d 308 (1979). Due process requires that the prosecutor adhere to the terms of the plea bargain agreement reached with the criminal defendant. *In re Palodichuk*, 22 Wn. App. 107, 589 P.2d 269 (1978). It is irrelevant that the prosecutor who entered into the plea agreement with Shineman was not the one most familiar with the case. Prosecutors in the same office are treated as one entity, representing the State: "The staff lawyers in a prosecutor's office have the burden of 'letting the left hand know what the right hand is doing' or has done." *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).

> If a defendant cannot rely upon an agreement made and accepted in open court, the fairness of the entire criminal justice system would be thrown into question. No attorney in the state could in good conscience advise his client to plead guilty and strike a bargain if that attorney cannot be assured that the prosecution must keep the bargain and not subvert the judicial process through external pressure whenever the occasion arises.

> A plea bargain is a binding agreement between the defendant

and the State which is subject to the approval of the court. When the prosecutor breaks the plea bargain, he undercuts the basis for the waiver of constitutional rights implicit in the plea.

*State v. Tourtellotte*, 88 Wn.2d 579, 584, 564 P.2d 799 (1977). The State concedes that prosecutorial negation of a plea agreement "presents an issue of constitutional magnitude," citing *In re James*, 96 Wn.2d 847, 849, 640 P.2d 18 (1982).

The trial court must determine the validity of a plea agreement before accepting a guilty plea. RCW 9.94A.090. "[T]he integrity of the plea bargain process requires that defendants be entitled to rely on plea bargains as soon as the court has accepted the plea."[3] *State v. Miller*, 110 Wn.2d 528, 536, 756 P.2d 122 (1988). The State is bound by its plea agreement with Shineman.

## II. REMEDY

■ Where the prosecutor attempts to avoid the plea agreement, the defendant is permitted to choose his remedy: withdrawal of his plea or specific enforcement of the plea agreement. *Miller*, 110 Wn.2d at 536; *State v. Moore*, 75 Wn. App. 166, 173, 876 P.2d 959 (1994). The State must show prejudice, or fraud or deceit on the part of the defendant, before the court will disallow the defendant's choice of remedy for the State's breach of a plea agreement. *Schaupp*, 111 Wn.2d at 38-39; *Miller*, 110 Wn.2d at 535. Here, the State has shown no such prejudice, fraud, or deceit. Therefore, Shineman is entitled to choose between specific enforcement of the plea agreement, i.e., expungement of the charge from his record, or withdrawal of his guilty plea.

### A. SPECIFIC PERFORMANCE—EXPUNGEMENT

■ Shineman premises his right to expungement on

---

[3]The appropriate time for the State to have objected to expungement was before it entered into the agreement, not years later on appeal, after the defendant has already complied with his part of the bargain.

*Miller* and RCW 10.97.060. The State argues that RCW 10.97.060 precludes such enforcement of the plea agreement. But where fundamental principles of due process so dictate, the specific terms of a plea agreement may be enforced, despite explicit conflicting terms of a statute. *Miller*, 110 Wn.2d at 532.

### 1. RCW 10.97.060

We have previously held that RCW 10.97.060[4] gives state agencies discretion to expunge records but does not give courts the power to order state agencies to expunge their records where disposition of a case is "adverse" to the defendant.[5] The State is correct that RCW 10.97.060 provides no independent basis for expungement of Shineman's record.[6] But *Gilkinson* does not apply here because, unlike Gilkinson, Shineman did not ask the court to order expungement of his record solely under RCW 10.97.060.

Rather, Shineman sought enforcement of the State's plea agreement that his record would be expunged. Moreover, even if the plea agreement were deemed contrary to the statute, the State acknowledges that "[a] criminal defendant's constitutional rights under a plea agreement take priority[.]" Thus, even if the expungement provisions

---

[4]RCW 10.97.060 provides, in relevant part, that:

Criminal history record information which consists of nonconviction data only shall be subject to deletion from criminal justice agency files which are available and generally searched for the purpose of responding to inquiries concerning the criminal history of a named or otherwise identified individual when two years or longer have elapsed since the record became nonconviction data as a result of the entry of a disposition favorable to the defendant. . . .

"Nonconviction data" is defined, in relevant part, by RCW 10.97.030(2):

"Nonconviction data" consists of all criminal history record information relating to an incident which has not led to a conviction or other disposition adverse to the subject, and for which proceedings are no longer actively pending.

[5]*Gilkinson*, 57 Wn. App. at 864-65.

[6]The clear terms of the statute, as previously interpreted in *Gilkinson*, prohibit a trial court from basing expungement of records solely upon RCW 10.97.060 when dismissing a case after the defendant has served a deferred sentence.

of the plea agreement were interpreted as in conflict with RCW 10.97.060, here, expungement is nonetheless enforceable. *See Miller,* 110 Wn.2d at 532. We hold that the trial court erred in denying Shineman's request for expungement.

## 2. RCW 9.95.240

The State acknowledges that Shineman is entitled to some sort of expungement, but argues that expungement must be under RCW 9.95.240 rather than RCW 10.97.060. Shineman objects that the State never made this argument in the trial court. We need not address arguments raised for the first time on appeal and do not do so here.[7] RAP 2.5; *Carrick v. Locke,* 125 Wn.2d 129, 140, 882 P.2d 173 (1994). Thus, we do not consider the State's argument concerning RCW 9.95.240 and confine our discussion to expungement under RCW 10.97.060, which was the only expungement provision considered below.

### B. EXTENT OF EXPUNGEMENT

■ The State should "expunge"[8] or delete all mention of Shineman's assault charge in this case from any state[9] record open to the public.[10] We agree with Shineman that the

---

[7]We could consider addressing this issue for the first time on appeal, if it provided an alternative ground for affirming the trial court. *See State v. Norlin,* 134 Wn.2d 570, 582, 951 P.2d 1131 (1998). But even were we to examine the merits of the State's RCW 9.95.240 argument, we would find that RCW 9.95.240 is inapplicable to Shineman's situation. The plain language of this statute clearly addresses only dismissal of charges, as was done here, not expungement. RCW 9.95.240 would have provided no basis for the trial court to expunge Shineman's record.

[8]"Expunge" is defined in relevant part as "To destroy; blot out; obliterate; erase; efface designedly; strike out wholly." BLACK'S LAW DICTIONARY 582 (6th ed. 1990). "Expungement of record" is defined as "Process by which record of criminal conviction is destroyed or sealed . . . ." BLACK'S LAW DICTIONARY at 582.

[9]The trial court lacks the authority to order federal agencies to expunge any records they may have of this incident. *See United States v. Engesser,* 788 F.2d 1401, 1405 (9th Cir. 1986).

[10]Under RCW 10.97.060, this would not include court records. RCW 10.97.030(1).

records themselves need not be destroyed; rather, they must be stored in such a way that members of the general public have no access to them, and all mention of the charge must be removed from his permanent record.

We reverse and remand for expungement of this assault charge from state records under RCW 10.97.060.

BRIDGEWATER, C.J., and HOUGHTON, J., concur.