[No. 41731-2-I.   Division One.   February 8, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. T.K., *Appellant*.

*Howard M. Goodfriend* and *Brendan Finucane* of *Edwards, Sieh, Smith & Goodfriend, P.S.*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *David F. Thiele, Deputy*, for respondent.

AGID, J. — The Snohomish County juvenile court denied T.K.'s motion to expunge his juvenile record of a 1993 sex offense conviction, reasoning that a 1997 amendment to RCW 13.50.050(11) removed its authority to vacate and seal juvenile sex offense and Class A felony records. T.K. appeals, alleging that (1) the juvenile court should have applied former RCW 13.50.050(11); (2) application of the 1997 amendment violates the ex post facto clauses of the Washington and United States Constitutions; and (3) the 1997 amendments did not remove the juvenile court's discretion to order vacation and sealing of juvenile records if warranted in a particular case. Because T.K.'s right to

expunge his record accrued before the 1997 amendment was enacted, we reverse.

## FACTS

In March 1993, T.K. pleaded guilty in the Juvenile Division of the Snohomish County Superior Court to first degree child molestation. In lieu of the standard 13-week confinement disposition, the prosecutor recommended and the court adopted a special sex offender disposition alternative (SSODA) which required T.K. to undergo treatment and counseling and imposed other probation conditions. The juvenile court entered its disposition order on April 7, 1993. At that time, RCW 13.50.050(11) permitted juvenile offenders to petition the court to vacate disposition orders and permanently seal juvenile court files two years after the juvenile was discharged from state agency supervision. If the juvenile had committed no other offenses, the statute required the juvenile court to grant the motion to vacate and seal.[1] After the file is sealed, "the proceedings in the case shall be treated as if they never occurred, and the subject of the records may reply accordingly to any inquiry about the events, records of which are sealed."[2] T.K. says that at the time he pleaded guilty, he "believed that if he successfully completed his counseling and all other probation requirements, he could (1) petition the juvenile court to lift the registration requirement and (2) after two years from the completion of his SSODA, vacate the disposition order and seal the juvenile court file and all state records relating to the offense." But, as the State correctly points out, neither the court nor the prosecutor made an explicit representation at the plea hearing that T.K. could later expunge the record of his conviction.

T.K. successfully completed the requirements of the dis-

---

[1] *See State v. Webster,* 69 Wn. App. 376, 378-79, 848 P.2d 1300 (1993) (Interpreting RCW 13.50.050(11) as establishing a mandatory duty to order vacation and sealing if two years had passed since discharge from agency supervision and there were no later convictions.).

[2] RCW 13.50.050(13).

position order in April 1995. In May 1996, he petitioned the juvenile court to vacate his duty to register his residential address under the sex offender registration statute, RCW 9A.44.140(4). The court found T.K. "fully rehabilitated" and entered an order ending his registration requirement. The order stated:

> ORDERED, ADJUDGED, AND DECREED that the duty of [T.K.] to register under RCW 9A.44.130 shall be, and the same is, vacated/ended under authority of 9A.44.140(4). . . .
>
> ORDERED, ADJUDGED AND DECREED that the Washington state patrol shall remove [T.K.] from the central registry of sex offenders. . . .
>
> ORDERED, ADJUDGED AND DECREED that any governmental entity which currently has [T.K.] registered as a sex offender under RCW 9A.44.130 shall remove him from such registration.

T.K. could not have requested vacation or sealing of his conviction records under RCW 13.50.050 at that time because two years had not yet passed from April 13, 1995, the date he was discharged from supervision. But the language in the order may have led T.K. to believe, as he argues, that no further action was necessary to ensure that Washington State Patrol records did not reflect his juvenile conviction.

Effective July 1, 1997, RCW 13.50.050(11) was amended to remove the juvenile court's mandatory duty[3] to order expungement and sealing of juvenile Class A and sex offense conviction records. That same year, T.K. applied for a pro bono internship to satisfy his graduation requirements at The Evergreen State College. In the course of a criminal background check, the Washington State Patrol provided T.K.'s prospective employer with information about his ju-

---

[3]The parties disagree about whether the Legislature intended to *prohibit* expunging juvenile Class A and sex offenses, or whether the amendment merely removed the court's mandatory duty to order expungement when the offender satisfied all the stated conditions. Because we hold that the amendment to RCW 13.50.050(11) does not apply to T.K., this dispute is more appropriately reserved for future consideration.

venile conviction. In October 1997, T.K. brought a motion to expunge his juvenile record. The juvenile court denied the motion, concluding that the 1997 amendments apply "to any motions brought before the Court after the effective date of the statute" and noting that by enacting the 1997 amendments, the Legislature "tied the Court's hands . . . ." T.K. filed a timely appeal.[4]

## DISCUSSION

When T.K. pleaded guilty to a juvenile sex offense in 1993, former RCW 13.50.050(11) required juvenile courts to grant motions to expunge juvenile records of conviction under the conditions we discussed above. This version of the statute was still in effect on April 13, 1997, the date two years from T.K.'s release from state supervision when he was eligible for expungement. But T.K. did not file the necessary motion until October 20, 1997—three months after the Legislature had amended RCW 13.50.050(11) to remove the mandatory expungement directive. T.K. contends that the trial court should have applied former RCW 13.50.050(11) to his motion to expunge because his right to expunge accrued on April 13, 1997, when he satisfied all required conditions for vacation and sealing under that statute. We agree.

The State argues that because T.K. filed his petition to expunge after RCW 13.50.050(11) was amended, his rights under the statute never "vested." The State cites *West Main Assocs. v. City of Bellevue*[5] for the proposition that "a timely application 'filed during the effective period of the zoning ordinances under which the developer seeks to develop' is required to secure one's 'vested' right." While this is an accurate statement of the land use vested rights doctrine, it is not directly relevant to the issue before us.

---

[4]The State objects to T.K.'s filing a pro se supplemental brief because it contains no citations to authority or the record and consists primarily of "hoped-for future events." We agree with the State that, though T.K.'s accomplishments and goals are laudable, his brief is not relevant to the substance of his appeal.

[5]106 Wn.2d 47, 50-51, 720 P.2d 782 (1986).

Under Washington's vested rights doctrine, a land use application must be considered under the laws and regulations in effect at the time the application is submitted.[6] The doctrine was created by the courts to further due process principles, and its purpose is to provide applicants a measure of certainty in the face of evolving land use policy and regulations.[7] While we understand the analogy the State is making, we see no basis for transporting a land use doctrine into the arena of criminal statutory construction.

More helpful is T.K.'s analogy to our courts' approach to statute of limitations claims. When the Legislature enacts a new, shortened statute of limitations, Washington courts preserve claims which accrued before the new law was enacted and run the statute of limitations from the new statute's effective date.[8] This is because we recognize that statutory rights accruing prior to the new law should not be abridged. Here, because T.K. satisfied every condition of expungement on April 13, 1997, his previously inchoate right to expunge his record matured. A later-enacted statute cannot divest him of this right.[9]

The State argues for the first time on appeal that T.K.'s failure to serve the Washington State Patrol with no-

---

[6]*Schneider Homes, Inc. v. City of Kent*, 87 Wn. App. 774, 777, 942 P.2d 1096 (1997), *review denied*, 134 Wn.2d 1021 (1998).

[7]*Id.* at 777-78.

[8]*See Merrigan v. Epstein*, 112 Wn.2d 709, 773 P.2d 78 (1989).

[9]Because T.K.'s right to expunge accrued before the effective date of the amendment to RCW 13.50.050(11), we need not reach the question whether applying the 1997 amendments to T.K.'s case would violate the ex post facto clauses of the Washington and United States Constitutions. But, the Washington State Supreme Court's recent decision in *State v. Ward* indicates that it would not. In *Ward*, the court held that applying the sex offender registration statute to convictions which predated the registration act did not violate ex post facto prohibitions because registration did not constitute punishment. *State v. Ward*, 123 Wn.2d 488, 495, 510-11, 869 P.2d 1062 (1994). The court has also held that commitment of sexually violent predators under RCW 71.09 does not violate the ex post facto clause because it is civil in nature. *In re Personal Restraint of Young*, 122 Wn.2d 1, 18, 857 P.2d 989 (1993). If application of these statutes are not considered "punishment" triggering constitutional protection, T.K.'s claims of "lifelong stigma" resulting from a failure to vacate his juvenile record would likely be considered nonpunitive as well.

tice is fatal to his motion. Although RCW 13.50.050(12) provides that a person making a motion to vacate "shall give reasonable notice of the motion to . . . any person or agency whose files are sought to be sealed," this language does not rise to the level of a statutory precondition. The State relies solely on *Port of Grays Harbor v. Bankruptcy Estate of Roderick Timber Co.*[10] for the proposition that "where the legislature has established a specific requirement for notice to some party, notice is mandatory, and not subject to alternation [sic] by the courts." Although the State's paraphrase of the *Port of Grays Harbor* holding supports its argument, the legislative requirement in that case related not to notice, but to joinder of parties. The *Port of Grays Harbor* court actually said, "[w]here the Legislature has established a specific requirement for *joinder* of parties, procedural court rules may not be used to alter those requirements."[11] (Emphasis added.) This pronouncement about joinder is not relevant in this situation; RCW 13.50.050(12) simply requires "reasonable notice." The Washington State Patrol is not a party to the case and no statute requires its joinder. It will suffer no prejudice from T.K.'s failure to notify it, and its interests will be adequately protected if T.K. provides notice upon remand to the trial court.

Reversed and remanded for further proceedings consistent with this opinion.

KENNEDY, C.J., and ELLINGTON, J., concur.

Review granted at 137 Wn.2d 1027 (1999).

---

[10]73 Wn. App. 334, 340, 869 P.2d 417 (1994).

[11]*Port of Grays Harbor,* 73 Wn. App. at 340.