31 P.3d 1155 (2001)
STATE of Washington, Petitioner,
v.
Randy BREAZEALE and Sheila Berlanga-Hernandez, Respondents.
No. 69688-8.
Supreme Court of Washington, En Banc.
Argued March 28, 2001.
Decided September 27, 2001.
*1156 Jeffrey Sullivan, Yakima County Prosecutor, Kevin Gregory Eilmes, Deputy County Prosecutor, Amicus Curiae on Behalf of Washington Association of Prosecuting Attorneys.
Nancy Lynn Talner, Kenmore, Mark W. Muenster, Vancouver, Amicus Curiae on Behalf of WACDL.
Aaron Hugh Caplan, Seattle, Amicus Curiae on Behalf of ACLU.
Christine Gregoire, Attorney General, Carol Smith-Merkulov, Assistant Attorney General, for Petitioner.
Dennis W. Morgan, Ritzville, for Respondents.
MADSEN, J.
Respondents in this case sought and received orders from Adams County Superior *1157 Court vacating their judgments and sentences and vacating their conviction records in accordance with the provisions of RCW 9.94A.230(1). The Washington State Patrol (Patrol), the agency charged with maintaining criminal records in Washington, declined to follow the orders contending that the Washington State Criminal Records Privacy Act (CRPA), chapter 10.97 RCW, obligates the agency to disseminate conviction records. Following a show cause hearing for contempt, the trial court reversed its earlier order and ruled that it lacked authority to order vacation of Respondents' criminal records. Accordingly, the court declined to find the Patrol in contempt of its previous order. The Court of Appeals reversed the trial court and remanded with instructions to seal Respondents' records and to impose contempt sanctions on the Patrol. We affirm in part and hold that RCW 9.95.240 and RCW 10.97.060 provide statutory authority to vacate Respondents' conviction records. We also reverse in part and hold that the Patrol, while ill-advised in its handling of the matter, may not be held in contempt under the circumstances presented in this case.

FACTS
Mr. Randy Breazeale was convicted of second degree burglary in 1976. His sentence was deferred and he was placed on probation. In 1979, following completion of probation, the trial court entered an order vacating the finding of guilt and dismissing Breazeale's conviction.
Ms. Sheila Berlanga-Hernandez was charged with forging a check in 1976. She pleaded guilty and received a deferred sentence and was placed on probation. The court order stated that if she complied with all the terms and conditions of the sentence she could petition for dismissal of the charge. In 1978, the court granted her motion for dismissal.
In October 1996, the superior court granted Ms. Berlanga-Hernandez's motion for an order to expunge her criminal arrest record. A copy of the court order was sent to the Patrol. In a letter addressed to the Adams County Superior Court dated June 18, 1997, the identification and criminal history section replied that "we are unable to comply with your request for expungement based on a dismissal after initial conviction." Clerk's Papers (CP) (Berlanga-Hernandez) at 8. The letter continued: "The conviction will remain on the record until we receive a court order to vacate the sentence, pursuant to RCW 9.94A.230." Id. Upon vacation of sentence, the related criminal history record information is available for criminal justice purposes only and is not disseminated as public information.
In 1998, Ms. Berlanga-Hernandez and Mr. Breazeale retained counsel who then filed motions for orders vacating the judgments and sentences in both cases as recommended by the Patrol's letter. The court granted the motions on September 4, 1998, and the orders were mailed to the criminal identification section of the Patrol. In a letter addressed to the Adams County Superior Court the Patrol stated, "[p]lease be advised we are unable to comply with your request for vacation of the above noted offender's sentence. The procedure for vacating the offender's record only applies to defendants who have been convicted of a felony after June 30, 1984, and who have been discharged pursuant to RCW 9.94A.220." CP (Berlanga-Hernandez) at 18; CP (Breazeale) at 11.
Defense counsel then filed motions for orders directing the Patrol to show cause why it should not be held in contempt for its refusal to honor the court's orders vacating Respondents' convictions. Following the show cause hearing, the court concluded the Patrol could not be held in contempt for failure to comply with the court's previous orders to vacate and reversed its earlier order granting vacation. The court found that (1) Respondents' convictions predate RCW 9.94A.220 and .230; (2) RCW 9.95.240 does not authorize deletion of criminal records; (3) RCW 10.97.060 prohibits deletion of records subject to RCW 9.95.240, and; (4) the court lacks statutory authority and the inherent power to grant the vacation motions because conviction records can not be "destroyed." The Court of Appeals reversed, holding that the trial court had both statutory and inherent authority to order the expungement or sealing of Respondents' criminal records. The court remanded to the trial court with instructions to seal the records *1158 and to impose sanctions for the Patrol's willful contempt of the court's orders. Review in this Court was granted on a petition from the Patrol.

DISCUSSION
The first issue presented is whether courts have authority to order the vacation, expungement, or sealing of conviction records dismissed pursuant to RCW 9.95.240.
Prior to adoption of the Sentencing Reform Act of 1981(SRA), trial courts could suspend or defer imposition of sentence and place defendants on probation in lieu of prison. Upon successful completion of probation, the court could, under RCW 9.95.240, set aside a finding or plea of guilty, allow the defendant to plead not guilty, and then dismiss the information. Both Ms. Berlanga-Hernandez and Mr. Breazeale were granted dismissals of their convictions under RCW 9.95.240 in 1978 and 1979, respectively. That statute provides:
Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right in his probation papers: PROVIDED, That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.
RCW 9.95.240. Under that statute, the court may exercise its discretion to dismiss the information and the defendant is "released from all penalties and disabilities" but one: that the conviction information may be used in a subsequent prosecution.
In adopting the SRA, the Legislature provided a procedure in RCW 9.94A.230(1) which parallels RCW 9.95.240 and provides:
"Every offender who has been discharged under RCW 9.94A.220 may apply to the sentencing court for a vacation of the offender's record of conviction. If the court finds the offender meets the tests prescribed in subsection (2) of this section, the court may clear the record of conviction by: (a) Permitting the offender to withdraw the offender's plea of guilty and to enter a plea of not guilty; or (b) if the offender has been convicted after a plea of not guilty, by the court setting aside the verdict of guilty; and (c) by the court dismissing the information or indictment against the offender."
Under the SRA, the same procedure that results in a dismissal under the probation act allows the court to grant dismissal and clear the conviction record. RCW 9.94A.230(3) expressly clarifies the intended result:
Once the court vacates a record of conviction under subsection (1) of this section, the fact that the offender has been convicted of the offense shall not be included in the offender's criminal history for purposes of determining a sentence in any subsequent conviction, and the offender shall be released from all penalties and disabilities resulting from the offense. For all purposes, including responding to questions on employment applications, an offender whose conviction has been vacated may state that the offender has never been convicted of that crime. Nothing in this section affects or prevents the use of an offender's prior conviction in a later criminal prosecution.
Thus, the later statute differs in only minor respects: the court must apply the tests listed in subsection (2); the statute specifically provides for vacation of the conviction record in the same proceeding; and the statute expressly provides that the person may state that he or she has never been convicted of that crime.
The parties do not dispute that if the underlying felonies had been committed on or *1159 after July 1, 1984, Respondents would have been eligible for vacation under RCW 9.94A.230. RCW 9.94A.905. In that case, the Patrol would have complied with the court orders to vacate the conviction records and restrict public access to such records. The conviction records would be available only for use in a subsequent prosecution. The Patrol argues that in this case, however, Respondents have been granted dismissal only and that RCW 10.97.030(4) provides that "a dismissal entered after a period of probation... shall be considered [a] disposition[] adverse to the subject." RCW 10.97.030(3) provides: "`[c]onviction record' means criminal history record information relating to an incident which has led to a conviction or other disposition adverse to the subject." Reading those sections in combination with RCW 10.97.050(1), which further provides: "[c]onviction records may be disseminated without restriction," the Patrol contends that there is no authority to vacate the conviction records in this case.
This case involves the construction of several statutes and is strictly a question of law, which is reviewed de novo. Millay v. Cam, 135 Wash.2d 193, 198, 955 P.2d 791 (1998). It is the duty of the court to construe statutes in the manner that best fulfills the legislative purpose and intent. State ex rel. Royal v. Bd. of Yakima County Comm'rs, 123 Wash.2d 451, 462, 869 P.2d 56 (1994). The court must reconcile apparently conflicting statutes and give effect to each of them, if this can be achieved without distortion of the language used. Tommy P. v. Bd. of County Comm'rs, 97 Wash.2d 385, 391-92, 645 P.2d 697 (1982).
The Court of Appeals was correct in its conclusion that the Legislature intended RCW 9.95.240 and RCW 9.94A.230 to have the same practical effect. State v. Breazeale, 99 Wash.App. 400, 408, 994 P.2d 254 (2000). This court has interpreted the language common to both statutes, "released from all penalties and disabilities," to mean that a person who has been granted dismissal under RCW 9.95.240 is entitled to assert that he or she has never been convicted. In re Discipline of Stroh, 108 Wash.2d 410, 417-18, 739 P.2d 690 (1987). RCW 9.95.240 "is a legislative expression of public policy ... [that] a deserving offender [is restored] to his [or her] preconviction status as a full-fledged citizen." Matsen v. Kaiser, 74 Wash.2d 231, 237, 443 P.2d 843 (1968) (Hamilton, J., concurring). The Legislature intended to prohibit all adverse consequences of a dismissed conviction, with the one exception of use in a subsequent criminal conviction but with no additional implied exceptions. Blevins v. Dep't of Labor & Indus., 21 Wash.App. 366, 368, 584 P.2d 992 (1978); State v. Walker, 14 Wash.App. 348, 541 P.2d 1237 (1975).
This conclusion is also supported by comments from the Sentencing Guidelines Commission. As Professor David Boerner has observed, "[v]acation operates to `clear the record of conviction' in the same manner as did the Probation Act' [RCW 9.95.240]." David Boerner, Sentencing in Washington § 11.6, at 11-7 (1985); see also Wash. Sentencing Guidelines Comm'n, Sentencing Guidelines Implementation Manual cmt. at 11-21 (1984) ("This vacation of the conviction is analogous to the dismissal obtained under RCW 9.95.240....").
As a remedial statute, RCW 9.95.240 must be construed liberally so as to give effect to its purpose. Walker, 14 Wash.App. at 353, 541 P.2d 1237. Without the ability to petition the court to also vacate the conviction record and compel the Patrol to restrict public access to those records, the entitlement provided by the statute and intended by the Legislature is rendered meaningless. Accordingly, this Court has held that vacated conviction records, while available for use in subsequent prosecutions as mentioned in the proviso, may not be disseminated to prospective employers. Monroe v. Tielsch, 84 Wash.2d 217, 218, 220, 525 P.2d 250 (1974) (adopting concurrence in part by Finley, J.). We hold that a superior court has the statutory authority under RCW 9.95.240 to grant a petition to vacate the conviction record following dismissal of the charge under the same statute.
The Patrol argues, however, that the CRPA, chapter 10.97 RCW, restricts the authority of a court to vacate a conviction record. Contrary to the Patrol's position, RCW 10.97.060 provides that "[n]othing in this chapter is intended to restrict the authority *1160 of any court, through appropriate judicial proceedings, to order the modification or deletion of a record in a particular cause or concerning a particular individual or event." The Patrol contends, however, that this "savings clause" was interpreted in State v. Gilkinson, 57 Wash.App. 861, 864, 790 P.2d 1247 (1990) as not conferring a general grant of authority to delete or modify conviction records. We agree that while that section does not grant authority, it does preserve the authority that courts have by not restricting such authority. The Gilkinson court correctly recognized that RCW 10.97.060, standing alone, does not provide authority to delete criminal convictions records but the court also recognized that other statutes, including RCW 9.94A.230, may provide authority to vacate or seal records. Id. at 864-65 n. 3, 790 P.2d 1247.
The facts in Gilkinson also distinguish it from this case. Mr. Gilkinson elected to rely only on RCW 10.97.060. Respondents cite RCW 9.95.240 as authority for their vacation motion. Mr. Gilkinson sought to completely delete and expunge his criminal records. In contrast, Mr. Breazeale and Ms. Berlanga-Hernandez are not seeking deletion of their records; they seek to prevent dissemination of their records to potential employers. Vacation of conviction records under RCW 9.95.240 will still leave those records available for use in subsequent prosecutions. As the court in Gilkinson noted, "the Legislature merely intended such records to be removed from public access." Gilkinson, 57 Wash.App. at 864 n. 2, 790 P.2d 1247.
We conclude that RCW 9.95.240 grants authority to courts to order vacation of criminal convictions records and that RCW 10.97.060 does not operate to restrict such authority, thus, the two statutes can be harmonized. Accordingly, we hold that courts have authority to vacate conviction records and the Patrol may not disseminate the information except for use in subsequent prosecutions.
The next issue presented is whether courts also have inherent authority to seal criminal records when necessary to avoid manifest injustice. The Court of Appeals found such authority, citing State v. Shineman, 94 Wash.App. 57, 62, 971 P.2d 94 (1999). Breazeale, 99 Wash.App. at 411, 994 P.2d 254. In that case, a criminal defendant was promised expungement of his conviction as a condition of his plea agreement. Under the circumstances, the court held that the trial court had inherent power to enforce the plea agreement to preserve the defendant's constitutional rights. Shineman, 94 Wash.App. at 62-63, 971 P.2d 94. The State argues that Shineman does not create an exception to the Gilkinson holding that courts do not have an inherent power to expunge conviction records. Rather, the Shineman court was obligated to specifically enforce a plea agreement. We agree. We also find persuasive a case from the Alaska Supreme Court discussing whether courts have inherent power to expunge a criminal record, Journey v. State, 850 P.2d 663 (Alaska Ct.App.1993). There, the court stated that such power might arise from the trial court's general power to preside over criminal cases or from the court's inherent power to enforce constitutional guarantees, but that such power should be sparingly used and "would be justified only upon a further showing that less drastic remediessuch as limiting, regulating, or enjoining misuse or improper dissemination of the disputed criminal recordscould not cure or prevent the threatened harm." Journey, 850 P.2d at 668. In the case before us, statutes provide the necessary authority, and therefore reference to inherent authority is not justified. We conclude that the Court of Appeals erroneously invoked the concept of inherent authority.
The Court of Appeals also found express power to seal records under Washington Court Rules of General Application, GR 15. Breazeale, 99 Wash.App. at 411-12, 994 P.2d 254. The State contends that this rule only applies to court records and does not authorize courts to order the destruction or sealing of records that the Washington State Patrol is required by law to maintain. See RCW 43.43.730. GR 15 clearly refers to court records: "This rule sets forth a uniform procedure for the destruction and sealing of court files, cases, records, or specified documents or material in a court file or record at all court levels. This rule shall apply to court files, cases, records, documents, or materials...." (Emphasis added.) GR 15(a). While both parties cite In re *1161 Dependency of J.B.S., 122 Wash.2d 131, 137, 856 P.2d 694 (1993) for the proposition that GR 15 allows the sealing of court records and proceedings, the State argues that J.B.S. is limited to court records, not the records maintained by the Patrol. At issue in that case was whether appellate court files, briefs and oral argument should be open to the public. Id. at 134, 856 P.2d 694. Necessarily this court's discussion of GR 15 was in that context. We agree with the State that the sealing of records under GR 15 applies to court records only and must be authorized by statute or required by compelling circumstances. Id. at 137, 856 P.2d 694; GR 15(c)(1)(B). Under the circumstances of this case, the authority for courts to restrict public access to records maintained by the Washington State Patrol is found in RCW 9.95.240, case law interpreting that statute, and RCW 10.97.060. Therefore, the court may not rely on court rules or inherent authority to order vacation of records maintained by the Patrol.[1]
Next, we must decide whether the Patrol is subject to contempt for refusing to comply with the trial court's original orders. The Patrol argues that it may not be held in contempt because it was not named as a party to the proceeding in which the court issued the original order and that the order is void as to the Patrol because the court never obtained personal jurisdiction over the Patrol. While a court order that is merely erroneous must be obeyed, contempt will not be found if the court "`"lacks jurisdiction of the parties or of the subject matter, or ... lacks the inherent power to make or enter the particular order involved." `"State v. Turner, 98 Wash.2d 731, 739, 658 P.2d 658 (1983) (quoting Dike v. Dike, 75 Wash.2d 1, 7-8, 448 P.2d 490 (1968) (quoting Robertson v. Commonwealth, 181 Va. 520, 536, 25 S.E.2d 352 (1943))). "First and basic to any litigation is jurisdiction, and first and basic to jurisdiction is service of process. When a court lacks in personam jurisdiction over a party, any judgment entered against that party is void." Dobbins v. Mendoza, 88 Wash.App. 862, 871, 947 P.2d 1229 (1997) (citation omitted). The Patrol urges that since it was never served with the motion to vacate, the order was void and it cannot be held in contempt for disregard of a void order. See Dike v. Dike, 75 Wash.2d 1, 448 P.2d 490.
The original orders in this case were not void. Citing State v. T.K., 94 Wash.App. 286, 971 P.2d 121, aff'd, 139 Wash.2d 320, 987 P.2d 63 (1999), the Court of Appeals noted that the relevant statutes here do not require that the Patrol be made a party or require joinder of the Patrol. We agree. In State v. T.K., a juvenile sex offender petitioned to have his record sealed under the former statute requiring courts to grant such motions. T.K. never served the Patrol despite the statutory provision that a person making a motion to vacate "shall give reasonable notice of the motion to ... any person or agency whose files are sought to be sealed." RCW 13.50.050(13). Nevertheless, the court held that giving notice was not a precondition to the court's authority to grant the motion because the Patrol is not a party to in the vacation proceedings and no statute required its joinder. T.K., 94 Wash.App. at 292, 971 P.2d 121. Similarly, the statutes here do not require that the Patrol be made a party to a motion to vacate. Therefore, the fact that the Patrol was not made a party to vacation motion does not render the court's order in that proceeding void.
Nevertheless, the Court of Appeals erred when it directed the trial court to find the Patrol in contempt on remand. Contempt of court is intentional disobedience of any lawful order of the court. RCW 7.21.010(1)(b); King v. Dep't of Soc. & Health Servs., 110 Wash.2d 793, 797, 756 P.2d 1303 (1988). The power to censure contemptuous behavior flows from both statute and the inherent power of the courts. In re Marriage of Nielsen, 38 Wash.App. 586, 588, 687 P.2d 877 (1984). Contempt may be criminal or civil. King, 110 Wash.2d at 799, 756 P.2d 1303. The primary purpose of the civil contempt power is to coerce a party to comply with an order or judgment. Id. Civil show cause procedures are an appropriate means *1162 of securing compliance with a court order. Rainier Nat'l Bank v. McCracken, 26 Wash.App. 498, 515, 615 P.2d 469 (1980). The contempt proceeding here was instituted to coerce compliance with the court's order to vacate conviction records. As noted earlier, the trial court agreed with the Patrol that it lacked authority to expunge Respondents' records and reversed the vacation order. At that point, there was no order with which the Patrol failed to comply and the Court of Appeals erred in ordering the trial court to impose sanctions on remand for willful contempt by the Patrol.[2]
Finally, our conclusion should not be read as approval of the Washington State Patrol's handling of this matter. It speaks ill of a law enforcement agency to take upon itself the interpretation of statutes, which is the sole province of the courts. While the Patrol merely concedes that in hindsight, perhaps the letter could have been worded better, the Patrol could have done a number of things differently. According to its own administrative rules, if the Patrol refuses to amend the criminal history record information, it is required to inform the person of not only the reason for the refusal, but also of the procedures for review of that refusal. WAC 446-20-140. Such procedures include: "the individual may appeal such decision to the superior court ... [and t]he court shall in such case conduct a de novo hearing, and may order such relief as it finds to be just and equitable." RCW 43.43.730. In its response to the court orders sent by Mr. Breazeale and Ms. Berlanga-Hernandez, the Patrol wrote directly to the court, summarily refusing to comply and offering no judicial or administrative remedies for Respondents to pursue. Our conclusion that the Patrol should not be held in contempt in this case at this stage does not diminish its obligation to conform to statutes and comply with court orders.

CONCLUSION
We hold that the Legislature intended RCW 9.95.240 to function in the same manner as the later statute, RCW 9.94A.230, and that both statutes provide courts with the authority to vacate records of conviction. Accordingly, Respondents are entitled to vacation of their conviction records. Further, we hold that the Washington State Patrol is required to restrict public access to such records when a trial court orders vacation pursuant to the above mentioned statutes. Finally, we hold that the Patrol cannot be held in contempt for refusal to comply with an order which the trial court had rescinded.
This matter is remanded for proceedings consistent with this opinion.
ALEXANDER, C.J., and SMITH, JOHNSON, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ., concur.
SANDERS, J. (dissenting).
Although I agree Randy Breazeale and Sheila Berlanga-Hernandez were entitled to have their conviction records expunged so as to be released from the penalties and disabilities of their misdeeds occurring a quarter-century ago, I disagree with the majority's refusal to hold the Washington State Patrol in contemptbecause it is in contempt.
On the one hand the majority holds the orders to vacate Breazeale's and Berlanga-Hernandez's conviction records were lawful, yet on the other it also concludes the Patrol's intentional and utter refusal to abide by those orders was not contemptuous. This fancy footwork erodes the fundamental principle that lawful orders, even erroneous ones, must be obeyed (even by government actors) until reversed. See Dike v. Dike, 75 Wash.2d 1, 8, 448 P.2d 490 (1968).
The majority opinion sets forth the basic facts; however, a few key ones deserve restatement. In Breazeale's case, the Adams County Superior Court issued an order that his 1976 conviction for burglary be vacated. The Patrol's response was to send a letter to the court, stating it was unable to comply with the court's request to expunge Breazeale's record.
In Berlanga-Hernandez's case, the superior court twice ordered the Patrol to clear her record. The court first ordered the Patrol to expunge Berlanga-Hernandez's 1976 forgery conviction, to which the Patrol responded by *1163 sending a letter stating its refusal to comply. The court then issued a second order to have Berlanga-Hernandez's records expunged. Again, the Patrol refused, sending the court another letter stating it was unwilling to comply with the court's request to clear Berlanga-Hernandez's record.
The Patrol's letters to the court state: "Please be advised we are unable to comply with your request." See Breazeale Clerk's Papers (CP) at 11; Berlanga-Hernandez CP at 18 (emphasis added). To the contrary, court orders are not requests to be followed merely if consistent with one's liking. They are legal mandates, to be followed until reversed. Dike, 75 Wash.2d at 8, 448 P.2d 490. The majority's forgiveness of a governing agency's flagrant disobedience of court orders allows the government to function above the law, not under it.
In general, inability to comply with a court order may be grounds to excuse disobedience. State v. Olsen, 54 Wash.2d 272, 274, 340 P.2d 171 (1959); Rainier Nat'l Bank v. McCracken, 26 Wash.App. 498, 511, 615 P.2d 469 (1980). But here the Patrol was, and is, able to comply with the orders to vacate the conviction records. Were it otherwise, this court's holding that Breazeale and Berlanga-Hernandez are entitled to vacation of their conviction records would be an empty shell.
The only remaining issue is whether the superior court's initial orders directing the Patrol to vacate Breazeale's and Berlanga-Hernandez's conviction records were lawful. A court order is lawful if the issuing court had jurisdiction over the parties and the subject matter, as well as legal authority to enter the order. Dike, 75 Wash.2d at 8, 448 P.2d 490. A lawful order must be obeyed. RCW 7.21.010(1)(b). It must be obeyed even if it is erroneous. Dike, 75 Wash.2d at 8, 448 P.2d 490. Only if the order is absolutely void, not just erroneous, will a violation thereof escape a finding of contempt. State v. Lew, 25 Wash.2d 854, 864, 172 P.2d 289 (1946) (citing Simon Piano Co. v. Fairfield, 103 Wash. 206, 210, 174 P. 457 (1918)). That is the rule we enforce against private litigants, often individual citizens of modest means, without legal acumen or public responsibility.
Here the majority admits the orders to vacate Breazeale's and Berlanga-Hernandez's conviction records were lawful, not even erroneous. See majority at 1161. And the majority agrees Breazeale and Berlanga-Hernandez are entitled on the merits to have their conviction records vacated. See majority at 1162.
Determining whether the Patrol is in contempt is therefore straightforward. But the majority's reasoning is not. The fact that the superior court vacated its orders after the Patrol refused to comply is irrelevant. Our only concern should be whether the orders were lawful when issued. If the orders were lawful, intentional disobedience is contempt. RCW 7.21.010(1)(b); Dike, 75 Wash.2d at 8, 448 P.2d 490. The majority holds the orders were not void, which is just another way of saying they were lawful. Majority at 1161. Obviously the Patrol's disobedience to these orders was intentional. Yet, the majority concludes the Patrol's intentional disobedience to the superior court's lawful orders was nevertheless not contempt. I doubt such a standard would be applied against, say, a father who refused to comply with a court order to pay child support.
The majority reasons once the trial court vacated its order "there was no order with which the Patrol failed to comply." Majority at 1162. However, my colleagues fail to recognize that until the order was vacated there was an order with which the Patrol failed to comply. The superior court issued its orders to vacate Breazeale's and Berlanga-Hernandez's conviction records on September 4, 1998, and August 3, 1998, respectively. The court did not reverse itself until November 23, 1998, mistakenly concluding it had no authority to issue the vacation orders. Thus, from the dates of issuance until the date of reversal, there were two orders with which the Patrol failed to comply. Furthermore, the majority overlooks its own holding that the vacation orders were lawful. Since the Patrol failed to comply, the only logical conclusion is the Patrol was in contempt.
My colleagues apparently create a new exception for government agencies under which intentional disobedience to a lawful court order escapes the sanction of contempt: A state agency is not in contempt for intentionally disobeying a lawful order if the issuing court subsequently, and erroneously, concludes *1164 its order was unlawful. Needless to say, this is an innovation to existing Washington law, a proposition wholly without support in existing precedent.
As the Court of Appeals correctly noted, the Patrol might have challenged these orders on appeal. State v. Breazeale, 99 Wash.App. 400, 413, 994 P.2d 254 (2000); see also Dike, 75 Wash.2d at 8, 448 P.2d 490. However the Patrol simply ignored them without benefit of stay or appeal, demeaning the court orders as a mere "request."
The majority would have us allow state agencies the freedom to treat court orders as if they were mere requests to be followed when convenient. Cf. Amici Curiae Br. of Wash. Ass'n of Criminal Defense Lawyers and Am. Civil Liberties Union at 15. This relegates courts to advisory bodies when it comes to government actors. See Keller v. Keller, 52 Wash.2d 84, 88, 323 P.2d 231 (1958). Equal justice under the law means those who govern are also under the law, not above it.
I dissent.
NOTES
[1] In light of our resolution we need not address the remaining arguments of the parties on this issue.
[2] We assume, of course, that the Patrol will comply with the order to be entered by the trial court on remand; a contempt sanction will become appropriate if it does not.