177 P.3d 115 (2008)
STATE of Washington, Respondent,
v.
Amy E. RILEY, Appellant.
No. 36055-1-II.
Court of Appeals of Washington, Division 2.
January 2, 2008.
Publication Ordered February 21, 2008.
*116 Sean P. Wickens, Armijo Wickens, PS, Tacoma, WA, for Appellant.
Michelle Hyer, Pierce County Prosecutor, Tacoma WA, for Respondent.
HUNT, J.
¶ 1 Amy E. Riley appeals the trial court's denial of her petition for an order instructing the Washington State Patrol to remove the records of her vacated and dismissed marijuana-delivery conviction from public access under former RCW 9.94A.640 (2006). The State concedes that the trial court erred in denying Riley's petition. Accepting the State's concession, we reverse and remand.

FACTS
¶ 2 Amy Riley pleaded guilty to one count of unlawful delivery of marijuana in 1997. At that time, she was 18 years old and had no prior convictions. In 2000, the trial court determined that Riley had completed the conditions of her sentence; the court filed a certificate and order of discharge. Since her discharge, Riley has had no new criminal charges, violations, or convictions.
¶ 3 Riley filed a motion requesting the trial court (1) to vacate her conviction under former RCW 9.94A.640, (2) to dismiss the charges under former RCW 9.94A.640, and (3) to order the Washington State Patrol to remove the history of her conviction from public access under former RCW 9.94A.640 and State v. Breazeale, 144 Wash.2d 829, 31 P.3d 1155 (2001). The trial court vacated her conviction and dismissed the charges, but it denied Riley's request for an order instructing the State Patrol to remove her conviction records from public access. The trial court concluded that Riley had to wait an additional two years before it could order her records removed from public access.
¶ 4 A few months later, Riley moved the trial court to reconsider its order denying her request to vacate her criminal history. She argued that the trial court had improperly ruled that the record of her vacated conviction was nonconviction data under RCW 10.97.030 and that the records were ineligible for removal for another two years. The trial court denied her motion to reconsider.
¶ 5 Riley appeals.

ANALYSIS

I. Standard of Review
¶ 6 We review statutory interpretations de novo. Sleasman v. City of Lacey, 159 Wash.2d 639, 642, 151 P.3d 990 (2007). Our obligation on review is to give effect to the Legislature's intent. Lacey Nursing Ctr., Inc. v. Dep't of Revenue, 128 Wash.2d 40, 53, 905 P.2d 338 (1995).
II. Former RCW 9.94A.640(3): Removing Records from Public Access
¶ 7 Riley argues that the trial court erred in denying her request for an order instructing the Washington State Patrol to remove the record of her conviction from public access. She contends that the trial court improperly characterized the record of her vacated and dismissed conviction as nonconviction data under RCW 10.97. The State concedes that RCW 10.97 does not apply to the record in question here and that former RCW 9.94A.640 controls instead. We accept the State's concession.
¶ 8 Under former RCW 9.94A.640(3), once a court vacates a record of conviction, the offender must be released from all penalties or disabilities resulting from the offense. Therefore, to effectuate the Legislature's intent, courts can compel the State Patrol to restrict public access to criminal records once the offender's conviction has been vacated.[1]See Breazeale, 144 Wash.2d at 839, 31 P.3d 1155.[2]
*117 ¶ 9 In contrast, RCW 10.97.060 provides that nonconviction criminal record information may be deleted only after two or more years have passed since the record became nonconviction data. Nonconviction data consists of "all criminal history record information relating to an incident which has not led to a conviction or other disposition adverse to the subject, and for which proceedings are no longer actively pending.", RCW 10.97.030(2).
¶ 10 RCW 10.97.030(4) provides further clarification:
"Conviction or other disposition adverse to the subject" means any disposition of charges other than: (a) A decision not to prosecute; (b) a dismissal; or (c) acquittal; with the following exceptions, which shall be considered dispositions adverse to the subject: An acquittal due to a finding of not guilty by reason of insanity and a dismissal by reason of incompetency, pursuant to chapter 10.77 RCW; and a dismissal entered after a period of probation, suspension, or deferral of sentence.
As the State concedes, the record of Riley's vacated and dismissed conviction is not properly categorized as nonconviction data because her criminal history comprises an incident that led to a conviction. Furthermore, under the clarifying language of RCW 10.97.030(4), Riley's record was a "disposition adverse to the subject" because her conviction led to "a dismissal entered after a period of probation." RCW 10.97.030(4).
¶ 11 We hold, therefore, that Riley's vacated conviction record is not subject to RCW 10.97 as nonconviction data. Accordingly, we reverse the trial court's denial of Riley's motion to order the State Patrol to prevent public access to her conviction records and remand for the trial court to enter an order instructing the State Patrol to remove Riley's records of conviction from public access.
We concur: HOUGHTON, C.J., and BRIDGEWATER, J.
NOTES
[1] RCW 9.94A.640(3) provides that, once the court vacates an offender's record of conviction, the offender shall be released from all penalties and disabilities resulting from the offense. For all purposes, including responding to questions on employment applications; an offender whose conviction has been vacated may state that the offender has never been convicted of that crime.
[2] Breazeale interpreted former RCW 9.94A.230 (2000), which was recodified as former RCW 9.94A.640 (2006). Breazeale, 144 Wash.2d 829, 31 P.3d 1155.