[Nos. 22617-1-II; 23787-3-II. Division Two. November 20, 1998.]

*In the Matter of the Arbitration of* SEAN DOYLE,
*Respondent,* and MUTUAL OF ENUMCLAW INSURANCE
COMPANY, *Appellant.*

*Harold B. Field* of *Murray, Dunham & Murray*, for appellant.

*Michael A. Valdez* of *Valdez & Sage*, for respondent.

ARMSTRONG, J. — Sean Doyle arbitrated his underinsured motorist (UIM) claim with his insurance carrier, Mutual of Enumclaw Insurance Company (MOE). The claim arose out of a five-car accident caused, according to the arbitrators, by the negligence of a phantom vehicle (50 percent), an uninsured vehicle (25 percent), and a vehicle insured by Safeco (25 percent). The arbitrators found that Doyle was without fault. Doyle had settled with Safeco before the arbitration for less than the 25 percent allocated to Safeco's insured. Further, Safeco's liability limits exceeded the total amount of Doyle's award. The issue is whether MOE is responsible for that portion of the award attributed to the fault of the uninsured driver (25 percent), who would have been jointly and severally liable with Safeco's insured if Safeco had not settled. The trial court held MOE was responsible for this portion of the award, reasoning that because Safeco settled with Doyle before the award, its insured was not jointly and severally liable. We agree and, therefore, affirm.

## FACTS

Sean Doyle was injured in a five-car accident resulting from the combined negligence of three drivers, one of whom was never identified. The phantom vehicle entered a main

arterial, cutting off four cars in a chain. The phantom vehicle left the scene. No fault was attributed to the first car in the chain. Doyle drove the second vehicle. Evelyn Jackson, who was uninsured, drove the third vehicle. Gene Rayovich, who was insured by Safeco, drove the fourth vehicle. The liability limits of his policy were $50,000.

Doyle sued Jackson and Rayovich, but settled his claim against Rayovich with Safeco for $3,750. Before settling, Doyle gave notice to MOE by a letter dated April 4, 1996.

Doyle then arbitrated his UIM claim with MOE. The arbitration panel attributed no fault to Doyle or the driver of the first vehicle. Fifty percent of the fault was allocated to the phantom vehicle and twenty-five percent to Jackson and Rayovich each. The arbitration panel found Doyle's damages totaled $41,769.63.[1]

On Doyle's motion to confirm the award, the court ruled that MOE was responsible for the phantom vehicle's portion (50 percent) and for Jackson's portion (25 percent). But the court ruled MOE could offset the percentage of the award attributable to Rayovich (25 percent), which totaled $7,500. The court also determined that Rayovich and Jackson were not jointly and severally liable.[2]

Joint and Several Liability

MOE argues that Rayovich and Jackson are jointly and severally liable. MOE cites *Allstate Ins. Co. v. Batacan*, 89 Wn. App. 260, 948 P.2d 1316 (1997), *review granted*, 135 Wn.2d 1008 (1998), arguing that joint and several liability applies when a UIM arbitration panel finds the claimant is without fault and more than one tortfeasor is at fault. According to MOE, Safeco and its insured are liable for Jackson's share of fault and Doyle must look to Safeco for

---

[1]Before the arbitration, Mr. Doyle recovered his medical special damages from MOE, totaling $8,019.63, under his personal injury protection (PIP) coverage.

[2]After the trial court's ruling, the Supreme Court decided *Price v. Farmers Ins. Co.*, 133 Wn.2d 490, 946 P.2d 388 (1997), which limits the authority of the court on a motion to confirm an arbitration award. MOE then filed a declaratory relief action to address the issue here. The parties have stipulated to consolidation; therefore, we reach the merits of the issue.

payment of Jackson's share of liability. MOE concludes that the fact that Doyle settled with Safeco for less than his full damages does not mean MOE must make up the difference with its UIM coverage.

■ "RCW 48.22.030(1) obligates a UIM carrier to pay (1) a claimant's legally recoverable ('applicable') damages or UIM limits, whichever is less, minus (2) 'the sum of the limits of liability under all . . . insurance policies applicable to a covered person after an accident.' " *Allstate Ins. Co. v. Dejbod*, 63 Wn. App. 278, 284, 818 P.2d 608 (1991) (quoting RCW 48.22.030(1)). An insurance policy is "applicable" within the meaning of RCW 48.22.030(1) when " 'the claimant, if he or she diligently pursued the claim against the liability insured to final adjudication, could legally require the insurer to pay.' " *Batacan*, 89 Wn. App. at 264 (quoting *Dejbod*, 63 Wn. App. at 284-85).

"The extent to which an insurance policy is 'applicable' depends upon whether an insured tortfeasor is severally, or jointly and severally, liable." *Batacan*, 89 Wn. App. at 265 (citing RCW 4.22.070). "Several liability is presumed, unless '(1) the claimant is without fault and (2) judgment has been entered against more than one defendant.' " *Batacan*, 89 Wn. App. at 265 (quoting *In re Arbitration of Fortin*, 82 Wn. App. 74, 83, 914 P.2d 1209 (1996) (citing RCW 4.22.070(1)(b)), *overruled on other grounds by Price v. Farmers Ins. Co.*, 133 Wn.2d 490, 946 P.2d 388 (1997)). A UIM arbitration constitutes an "adjudication of liability," equivalent to a judgment, for UIM coverage purposes. *See Dejbod*, 63 Wn. App. at 286.

■ ■ But there is a clear distinction between a finding of fault and an entry of judgment against a defendant. RCW 4.22.070(1) and (1)(b) provide:

> (1) In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages . . . . includ[ing] the claimant or person suffering personal injury or incurring property damage, defendants, third-party defendants, *entities released by the claim-*

*ant,* entities with any other individual defense against the claimant, and entities immune from liability to the claimant . . . . Judgment shall be entered against each defendant *except those who have been released by the claimant* or are immune from liability to the claimant or have prevailed on any other individual defense against the claimant in an amount which represents that party's proportionate share of the claimant's total damages. The liability of each defendant shall be several only and shall not be joint except:

. . . .

(b) If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, the *defendants against whom judgment is entered* shall be jointly and severally liable for the sum of their proportionate shares of the claimants [sic] total damages.

RCW 4.22.070(1) and (1)(b) (emphasis added). While the trier of fact may attribute fault to settling, released defendants, such defendants cannot have judgment entered against them within the meaning of RCW 4.22.070(1). Thus, released defendants are not jointly and severally liable. *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 294, 840 P.2d 860 (1992).

The determinative issue is whether the release occurred before or after an adjudication of liability. In *Batacan,* we relied upon RCW 4.22.070(1)(b) in holding two tortfeasors jointly and severally liable. After an arbitration panel determined the tortfeasors were each 50 percent at fault and the claimants were fault-free, the claimants settled with one of the tortfeasors for less than their full damages. We reasoned: "[h]ere, because the two tortfeasors . . . are jointly and severally liable, legally the Batacans could look to either to pay their total damages. . . . Because the Batacans chose to settle with Cantrill for less than their full damages, they cannot now look to Allstate to make up the difference." *Batacan,* 89 Wn. App. at 265-66. At the time of the adjudication of liability, the claimants had not released either of the tortfeasors. As there was no bar to the entry of judgment against either, the tortfeasors were jointly and severally liable under RCW 4.22.070(1)(b).

Conversely, in *Washburn*, the plaintiff settled with and released Petrolane, Inc. prior to his suit against Beatt Equipment Company, another defendant. The court concluded that because Petrolane, a released defendant, was not a defendant against whom judgment was entered, it could not be jointly and severally liable under RCW 4.22.070(1). *Washburn*, 120 Wn.2d at 294; *see Price v. Kitsap Transit*, 70 Wn. App. 748, 759, 856 P.2d 384 (1993).

Although MOE asserts *Batacan* is directly on point, its argument fails to acknowledge the importance of the timing of release agreements. Here, Doyle settled his claim against Rayovich before the arbitration panel decided the relative fault percentages of the drivers.[3] Thus, *Washburn* and *Price* control the applicability of joint and several liability. Although the arbitration panel assigned fault to Rayovich, no judgment could be entered against him because he was "released by the claimant." RCW 4.22.070(1). As Rayovich was not a defendant "against whom judgment [was] entered," Rayovich and Jackson cannot be held jointly and severally liable. *Washburn*, 120 Wn.2d at 294; RCW 4.22.070(1)(b).

The trial court did not err in refusing to hold Rayovich and Jackson jointly and severally liable.[4]

Offset of 25 Percent Share of Rayovich's Liability

Doyle seeks review of the trial court's decision "that Mutual of Enumclaw is entitled to offset the 25 [percent] fault of Rayovich." In his conclusion, Doyle states, "[t]his court should reverse the trial court only to the extent that

---

[3]Before settling, Doyle wrote MOE, "the Defendant, Gene [Rayovich], has offered to make a payment to Sean Doyle in the sum of $3,750.00 in exchange for a release." MOE apparently did not take action to protect its subrogation rights.

[4]As the trial court did not err in rejecting joint and several liability, we do not reach appellant's argument that MOE should be entitled to offset the 25 percent fault of Jackson. As a UIM carrier, MOE argues it is obligated to pay only "the amount of Rayovich and Jackson's combined liability that exceeds the limits of Rayovich's policy." But because Rayovich and Jackson are severally liable only, the trial court correctly concluded MOE is obligated to pay the 25 percent liability of Jackson and the 50 percent liability of the phantom driver.

it allowed Mutual of Enumclaw to offset the [25] percent fault of Rayovich."

Rule 5.1(d) of the Rules of Appellate Procedure provides:

**Cross Review.** Cross review means review initiated by a party already a respondent in an appeal or discretionary review. A party seeking cross review must file a notice of appeal or a notice for discretionary review within the time allowed by rule 5.2(f).

RAP 5.1(d).

■ ■ Under the Rules of Appellate Procedure 5.1(d), a notice of cross appeal is essential if the respondent seeks affirmative relief as distinguished from urging additional grounds for affirmance. *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 700, 915 P.2d 1146 (1996). As Doyle requests a partial reversal of the trial court's decision, he seeks affirmative relief. However, Doyle has failed to file a notice of appeal. Further, Doyle has not offered any argument or authority in support of this position. The appellate court need not consider issues that are not supported by argument or authority. *State v. Farmer*, 116 Wn.2d 414, 432, 805 P.2d 200, 13 A.L.R.5TH 1070 (1991). Thus, we will not consider his claim for relief.

Affirmed.

SEINFELD and HUNT, JJ., concur.