106 P.3d 794 (2005)
STATE of Washington, Respondent,
v.
Daniel H. McINALLY, Appellant.
No. 53111-5-I.
Court of Appeals of Washington, Division 1.
January 24, 2005.
Publication Ordered February 7, 2005.
Reconsideration Denied February 25, 2005.
*795 Gregory C. Link, Washington Appellate Project, Seattle, WA, for Appellant.
*796 John Stansell, Charles Franklin Blackman, Snohomish County Pros Ofc, Everett, WA, for Respondent.
SCHINDLER, J.
Daniel McInally was charged with one count of rape of a child in the second degree. The State and McInally stipulated to a bench trial on agreed documentary evidence and entered into an "Agreement Upon Stipulation (Sentencing Reform Act)" ("Agreement").[1] As part of the Agreement, McInally stated the description of his criminal history was complete and accurate. The State agreed not to charge McInally with a second count of rape of a child in the second degree and, based on McInally's criminal history, agreed to recommend a Special Sex Offender Sentencing Alternative (SSOSA). In the course of its presentence investigation, the Department of Corrections (DOC) discovered that McInally had been convicted of a juvenile felony sex offense in California and took the position that McInally was not eligible under the statute for a SSOSA. The State agreed and did not recommend a SSOSA. The trial court ruled McInally was eligible for a SSOSA but decided to impose a standard range sentence. On appeal, McInally contends the State's failure to recommend a SSOSA violated due process and the doctrine of equitable estoppel prevented the State from refusing to recommend a SSOSA. We conclude the State did not violate due process or the doctrine of equitable estoppel, McInally was not eligible for a SSOSA and McInally breached the Agreement. We affirm the trial court's decision to impose a standard range sentence.

FACTS
On April 7, 2002, thirty-two year old Daniel McInally raped his thirteen-year-old cousin A.M. two different times: once in McInally's guest bedroom in the late afternoon, and later in the evening after McInally's wife and children had gone to bed on the living room couch. McInally was charged with one count of rape of a child in the second degree.
On March 12, 2003, McInally and the State stipulated to a bench trial on agreed documentary evidence, "Stipulation for Bench Trial on Agreed Documentary Evidence" ("Stipulation"),[2] and entered into an agreement. In the Agreement, the State agreed not to charge McInally with a second count of rape of a child and, based on its understanding of McInally's criminal history, the State agreed to recommend a SSOSA. McInally agreed to waive his constitutional rights to a jury trial and agreed the State's understanding of his criminal history as set forth and described in "Appendix A to the Plea Agreement Prosecutor's Understanding of Defendant's Criminal History (Sentencing Reform Act)" (Appendix A),[3] and the Sentencing Manual Offender scoring form, was complete and accurate.[4]
The Agreement specifically states:
The defendant agrees to the foregoing Agreement and that the attached Prosecutor's Understanding of Defendant's Criminal History (Appendix A), and the attached Sentencing Guidelines scoring form(s) (Appendix B) are accurate and complete and that the defendant was represented by counsel or waived counsel at the time of prior conviction(s). Any challenge by the defendant to the criminal history or scoring will constitute a breach of this agreement. The State makes the sentencing recommendation set forth in State's Sentence Recommendation. The sentencing recommendation may increase in severity if any additional convictions are discovered.[5]
The criminal history reported in Appendix A included all prior convictions and juvenile adjudications whether in this state or elsewhere.[6] According to Appendix A, McInally had no prior adult or juvenile felony or misdemeanor convictions except a 1993 conviction for unlawful issuance of bank checks. *797 The State, in the "State's Sentence Recommendation (Sexual Offender),"[7] recommended a SSOSA alternative under RCW 9.94A.120(7)(a) of 102 months confinement, with 96 months suspended, provided McInally obtain a sexual deviancy treatment evaluation and treatment plan acceptable to the State.[8]
The trial court found McInally knowingly, intelligently and voluntarily entered into the Stipulation and the Agreement with the State. At the request of the parties, the court scheduled a date for the stipulated trial and sentencing approximately three months later to allow time for McInally to obtain a SSOSA evaluation and for DOC to prepare a presentence investigation report (PSI).
While preparing the PSI, DOC discovered McInally was convicted as a juvenile in California in 1986 for a felony sex offense. According to the certified California court documents, when McInally was fifteen years old, he was charged with four counts of rape and one count of "lewd and lascivious acts" with a five-year-old girl. McInally pleaded nolo contendere to "Lewd or Lascivious Acts with a Child Under 14 Years of Age," and the four counts of rape were dismissed. The court in California found McInally guilty of lewd and lascivious acts with the five year old girl. He was sentenced, placed on probation, and ordered to obtain sexual deviancy treatment. In the PSI, DOC took the position that the prior California juvenile felony sex offense made McInally statutorily ineligible for a SSOSA and the only sentencing option was a standard range sentence.
Although McInally is hoping to obtain a SSOSA, he is ineligible due to his juvenile felony sex offense in California. The criteria for a SSOSA clearly states the recipient, `Have no prior convictions for sex offenses in this or any other state.' The previous offense was unknown in the Prosecuting Attorney's office when the offender scoring and plea bargain was originally entered. At that time, it was believed McInally had only the instant offense, which carried an offender score of "0", a sentencing range of 78 to 102 months, and allowed a SSOSA.[9]
At the stipulated trial on August 19, 2003, the court found McInally guilty of rape of a child in the second degree. The State recommended the court sentence McInally to a standard range sentence of 78 months. The State agreed with DOC's position that McInally was not eligible for a SSOSA because the California juvenile felony sex offense made him ineligible under the exclusion in RCW 9.94A.670(2)(b) for "any other felony sex offense in another state."[10] In the alternative, the State argued that because McInally was ordered to undergo sexual deviancy treatment for the juvenile offense, allowing another opportunity for treatment would "undercut the intent and spirit of RCW 9.94A.670."[11]
McInally claimed he was eligible for a SSOSA because he was amenable to treatment and the SSOSA statute was ambiguous. According to Dr. Norman Glassman's sexual deviancy evaluation, McInally was amenable to treatment.[12] McInally argued that the definition of "sex offense" in RCW 9.94A.030(38), as applied to the provision of "any other felony sex offenses" in RCW 9.94A.670(2)(b), created an ambiguity that must be resolved in his favor. McInally also argued the California court records attached to the DOC report established the California felony sex offense was not comparable to a Washington sex offense and was not a "conviction."[13]
*798 The trial court concluded that the difference between the statutory language regarding convictions that count for scoring purposes and the language regarding SSOSA eligibility in RCW 9.94A.670(2)(b) created an ambiguity that must be resolved in favor of the defendant, and McInally was eligible for a SSOSA.[14] But citing McInally's lengthy history of deviant behavior, the trial court refused to grant a SSOSA and imposed a low-end standard range sentence. McInally appeals.

ANALYSIS
McInally argues the State violated due process when it breached the Agreement by failing to recommend a SSOSA. The State concedes due process applies to the Agreement with McInally, but argues it did not violate due process because McInally was not eligible for a SSOSA and McInally breached the terms of the Agreement by not providing complete and accurate criminal history.[15]
"Due process requires a prosecutor to adhere to the terms of the agreement." State v. Sledge, 133 Wash.2d 828, 839, 947 P.2d 1199 (1997). The State fulfills its obligations if it acts in good faith and does not contravene the defendant's reasonable expectations that arise from the agreement. State v. McRae, 96 Wash.App. 298, 305, 979 P.2d 911 (1999).
A SSOSA allows certain first-time sex offenders to receive a suspended sentence if they are amenable to treatment in the community and comply with treatment requirements and court ordered conditions. RCW 9.94A.670(4). The SSOSA provision "was intended to be used for those offenders who had committed less serious crimes and who were thought to be amenable to treatment." State v. Goss, 56 Wash.App. 541, 544, 784 P.2d 194 (1990); see also State v. Onefrey, 119 Wash.2d 572, 576-77, 835 P.2d 213 (1992). The Legislature in RCW 9.94A.670 established the requirements that must be met for a sex offender to be eligible for a SSOSA:
(2) An offender is eligible for the special sex offender sentencing alternative if:
(a) The offender has been convicted of a sex offense other than a violation of RCW 9A.44.050 or a sex offense that is also a serious violent offense;
(b) The offender has no prior convictions for a sex offense as defined in RCW 9.94A.030 or any other felony sex offenses in this or any other state; and
(c) The offender's standard sentence range for the offense includes the possibility of confinement for less than eleven years.
RCW 9.94A.670(2). Even if an offender is potentially eligible for a SSOSA, the decision to grant a SSOSA is discretionary on the part of the sentencing court and is determined after a standard range sentence is otherwise imposed. RCW 9.94A.670(4).
The State argues the trial court erred when it concluded the SSOSA statute was ambiguous and McInally was eligible for a SSOSA. The State contends the SSOSA statute is unambiguous and the California juvenile felony sex offense disqualifies him from a SSOSA under RCW 9.94A.670(2)(b). The State urges this court to affirm the trial court's decision to impose a standard range sentence on the alternative ground that McInally was not eligible for a SSOSA under RCW 9.94A.670(2)(b).
Relying primarily on Smoke v. City of Seattle, 79 Wash.App. 412, 902 P.2d 678 (1995), McInally claims the State is precluded from raising the issue of his eligibility for a SSOSA under RCW 9.94A.670(2)(b) because the State did not cross appeal. Smoke *799 is inapposite. In Smoke, this court stated, "[a] respondent must cross-appeal when seeking reversal of an adverse ruling on a distinct claim or cause of action." Smoke, 79 Wash.App. at 421, 902 P.2d 678. Here, the State's argument about McInally's eligibility for a SSOSA is not a distinct claim or cause of action, but an alternative ground for affirming the trial court's decision. The State is entitled to argue any grounds to affirm the court's decision that are supported by the record, and is not required to cross appeal. RAP 2.4(a), 5.1(d); State v. Bobic, 140 Wash.2d 250, 257-58, 996 P.2d 610 (2000). See also In re Arbitration of Doyle, 93 Wash.App. 120, 123, 966 P.2d 1279 (1998) (notice of cross appeal is essential if the respondent seeks affirmative relief, as distinguished from urging additional grounds for affirmance); 2A Karl B. Tegland, Washington Practice: Rules Practice 174-75, cmt. 3 (6th ed.2004).
RCW 9.94A.670(2)(b) disqualifies an offender from obtaining a SSOSA if the offender has any "prior convictions for a sex offense as defined in RCW 9.94A.030 or any other felony sex offenses in this or any other state." RCW 9.94A.030(38) defines "sex offense" as
(a) (i) A felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.130(11);
(ii) A violation of RCW 9A.64.020;
(iii) A felony that is a violation of chapter 9.68A RCW other than RCW 9.68A.070 or 9.68A.080; or
(iv) A felony that is, under chapter 9A.28 RCW, a criminal attempt, criminal solicitation, or criminal conspiracy to commit such crimes;
(b) Any conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a sex offense in (a) of this subsection;
(c) A felony with a finding of sexual motivation under RCW 9.94A.835 or 13.40.135; or
(d) Any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a sex offense under (a) of this subsection.
McInally relies on the definition in RCW 9.94A.030(38) to argue that "any other felony sex offenses" in RCW 9.94A.670(2)(b) only includes out-of-state convictions that are comparable to a crime in Washington. McInally contends that the definition of "sex offense" in RCW 9.94A.030(38)(d), as applied to "any other felony sex offenses in this or any other state," in the SSOSA statute, RCW 9.94A.670(2)(b), creates an ambiguity. The statutory definition of "sex offense" in RCW 9.94A.030(38)(d) is used for scoring purposes and only includes offenses that are comparable to felony sex offenses in Washington. RCW 9.94A.670(2) defines when a sex offender is eligible for a SSOSA. The language the legislature used in RCW 9.94A.670(2)(b) that "[t]he offender has no prior convictions for a sex offense as defined in RCW 9.94A.030 or any other felony sex offenses in this or any other state," includes both out-of-state sex offenses that are comparable to Washington felony sex offenses and all other out-of-state felony sex offenses. RCW 9.94A.670(2)(b) (emphasis added). The alternatives in RCW 9.94A.670(2)(b) are clearly stated in the disjunctive: an offender is not eligible for a SSOSA if he or she has any prior convictions for sex offenses as defined in RCW 9.94A.030(38) or any prior convictions for any other felony sex offenses in this or any other state. The language of the statute is plain and unambiguous, and the meaning may be derived from the language of the statute itself. Bavarian Properties Ltd. v. Ross, 104 Wash.2d 73, 77, 700 P.2d 1161 (1985).[16]
*800 The State concedes, as it did below, that McInally's California juvenile felony sex offense conviction is not a "sex offense" as defined in RCW 9.94A.030(38) and is not comparable to a Washington crime. Nonetheless, the State contends McInally is not eligible for a SSOSA because the California felony sex offense constitutes an "other felony sex offenses in this or any other state," under RCW 9.94A.670(2)(b). We agree. The California court documents establish McInally's conviction for lewd and lascivious conduct as a juvenile was a felony sex offense,[17] and McInally has presented no authority to support his contention that his prior offense was not a "felony sex offense."[18] Arguments that are not supported by citation to legal authority will not be considered on appeal. RAP 10.3(a)(5); see also State v. Lord, 117 Wash.2d 829, 853, 822 P.2d 177 (1991). We conclude McInally's California offense falls within "any other felony sex offenses in this or any other state," under RCW 9.94A.670(2)(b) and McInally was not eligible to obtain a SSOSA.
Nonetheless, McInally argues he did not have a duty to disclose the California juvenile felony sex offense because it was not a conviction. In addition, McInally relies on the State's concession that the California offense was not a conviction for scoring purposes.
McInally cites no authority to support his contention that the California juvenile court's disposition of his offense did not constitute a conviction for the purposes of his criminal history and the Agreement with the State.[19] Although the California court documents do not refer to the trial court's finding as a "conviction," the record establishes McInally was convicted of a felony sex offense. A minute order and the court's findings establish McInally pleaded nolo contendere on the charged felony sex count, the court entered a "true finding" and a "factual basis" for the felony sex offense, and scheduled a disposition.[20] At the disposition, for purposes of probation and supervision, McInally was adjudged a "ward of the court."[21] We conclude that under the terms of the Agreement, the California juvenile felony sex offense was a conviction that McInally should have disclosed. This conclusion is also consistent with the SRA's broad definition of "criminal history" as "the list of a defendant's prior convictions and juvenile adjudications, whether in this state, in federal court, or elsewhere." RCW 9.94A.030(13). And the State did not concede below, and does not concede on appeal, that McInally's California offense was a "conviction" for purposes of determining whether it should have been included in his criminal history. What the State told the court at sentencing was that "Mr. McInally, for purposes of this sentencing, according to the State's calculation, the juvenile, California juvenile matter notwithstanding, does not have any usable or countable, under the SRA, convictions."[22]
*801 Next, McInally contends that nothing in the Agreement allowed the State to refuse to recommend a SSOSA even if he was not eligible under the statute. McInally relies on State v. Miller, 110 Wash.2d 528, 756 P.2d 122 (1988), and State v. Shineman, 94 Wash.App. 57, 971 P.2d 94 (1999), to argue the State is required to make an agreed recommendation even if the offender is not legally eligible. These cases support the proposition that the specific terms of an agreement between a defendant and the State may be enforced despite conflicting terms of a statute.[23] But when a defendant breaches a plea agreement, he has no right to specifically enforce an agreement. State v. Thomas, 79 Wash.App. 32, 36, 899 P.2d 1312 (1995); see also In Re James, 96 Wash.2d 847, 850, 640 P.2d 18 (1982) (defendant's right to specifically enforce "exists provided the defendant has complied with the agreement"); State v. Hall, 32 Wash.App. 108, 110, 645 P.2d 1143 (1982) ("The State is expected to keep its bargains unless the defendant has failed to keep his or hers.").
The Agreement between McInally and the State is a contract analyzed under basic contract principles. See State v. Sledge, 133 Wash.2d at 838, 947 P.2d 1199. The implied duty of good faith and fair dealing inherent in every contract extends to both parties. Badgett v. Sec. State Bank, 116 Wash.2d 563, 569, 807 P.2d 356 (1991). According to the specific terms of the Agreement between McInally and the State, McInally agreed that the attached criminal history was accurate and complete and did not include any prior felony sex offenses. Under the plain language of the Agreement, McInally's agreement that the criminal history in Appendix A was complete and accurate was a condition precedent to the State's agreement to recommend a SSOSA. Failure to comply with a condition precedent excuses performance under a contract. Hadaller v. Port of Chehalis, 97 Wash.App. 750, 757, 986 P.2d 836 (1999). We conclude McInally breached the terms of the Agreement when he failed to disclose the California juvenile felony sex offense. The State was not required to recommend a SSOSA when McInally breached the Agreement and the State did not violate due process by not recommending a SSOSA.
McInally also argues the doctrine of equitable estoppel prevented the State from changing its recommendation.[24] A party seeking to apply equitable estoppel against the government must establish: (1) a party's admission, statement or act inconsistent with its later claim; (2) action by another party in reliance on the first party's act, statement or admission; (3) injury that would result to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission; (4) equitable estoppel must be necessary to prevent a manifest injustice; and (5) the exercise of governmental functions must not be impaired as a result of the estoppel. Kramarevcky v. Dept. of Soc. Health Services, 122 Wash.2d 738, 743, 863 P.2d 535 (1993). McInally cannot establish the requirements of equitable estoppel. The State relied on McInally's agreement that he had no prior juvenile or adult sex offenses. The States sentencing recommendation only changed after it discovered his prior California juvenile conviction for a felony sex offense. Under these circumstances, equitable estoppel does not apply and the State could recommend a standard sentence instead of a SSOSA.

CONCLUSION
McInally was not eligible for a SSOSA under RCW 9.94A.670(2)(b). McInally breached the Agreement with the State when he failed to disclose the prior California juvenile felony sex offense. McInally's agreement that his criminal history was complete and accurate was a condition precedent to the State's obligation under the Agreement to recommend a SSOSA. The State did not breach the Agreement when it recommended a standard range sentence instead of a SSOSA *802 and the State did not violate due process or the doctrine of equitable estoppel. We affirm the judgment and sentence entered by the trial court.
WE CONCUR: ELLINGTON, A.C.J., and COLEMAN, J.
NOTES
[1] Clerk's Papers (CP) at 56.
[2] CP at 53.
[3] CP at 62.
[4] CP at 63.
[5] CP at 56.
[6] RCW 9.94A.030(13).
[7] CP at 62.
[8] Former RCW 9.94A.120(7)(a) recodified as § 9.94A.505 by Laws of 2001, ch. 10, § 6.
[9] CP at 112 (emphasis in original).
[10] See CP at 70.
[11] CP at 70.
[12] Dr. Norman Glassman's Comprehensive Psychosexual Evaluation filed under seal by Order Sealing Record/File dated August 19, 2003. CP at 47.
[13] He also argued that the treatment that was ordered by the court in California was not comparable to the treatment required under a SSOSA, and that people who seek a SSOSA typically have a history of deviant behavior that would not disqualify them from obtaining a SSOSA.
[14] The trial court's reasons for concluding there was an ambiguity, appear to differ from what McInally argued in his presentence memorandum and at the sentencing hearing. McInally argued that the phrase "or any other felony sex offenses in this or any other state," in RCW 9.94A.670(2)(b) conflicted with the definition of "sex offense" in RCW 9.94A.030(38)(d).
[15] McInally did not argue below that the State breached the Agreement when it changed its sentencing recommendation. But because breach of a plea agreement implicates a manifest violation of a constitutional right, McInally may raise it for the first time on appeal. State v. Sanchez, 146 Wash.2d 339, 346, 46 P.3d 774 (2002); RAP 2.5(a)(3).
[16] We also conclude the trial court erred when it ruled that the language in the SSOSA statute RCW 9.94A.670(2)(b) was ambiguous because it conflicted with the language in the Sentencing Reform Act (SRA) defining when convictions count toward an offender score. The SSOSA statute does not refer to an offender score; it only addresses the effect of prior sex offense convictions on an offender's SSOSA eligibility. The statutory concept of an "offender score" is separate from the SSOSA provision. Compare RCW 9.94A.525 with RCW 9.94A.670. The difference between what convictions count toward an offender score and what convictions disqualify an offender from obtaining a SSOSA under RCW 9.94A.670(2)(b) does not create an ambiguity. This conclusion is consistent with the distinction between an offender's criminal history and his offender score. See RCW 9.94A.030(13)(c) ("The determination of a defendant's criminal history is distinct from the determination of an offender score. A prior conviction that was not included in an offender score calculated pursuant to a former version of the sentencing reform act remains part of the defendant's criminal history.").
[17] Under the California Code, the crime required finding that McInally acted "with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of the defendant and the victim." CP at 79.
[18] Instead, he argues the State's broad reading of "any other felony sex offenses" in RCW 9.94A.670(2)(b) is absurd because it would require the conclusion that a person convicted in another state for violating "antiquated laws prohibiting consensual homosexual activity" would be ineligible for a SSOSA. We need not reach this policy argument because the language of the statute is unambiguous.

McInally also contends "a person found by a military court for [sic] engaging in consensual extramarital sexual intercourse would be precluded from a SSOSA even in the absence of a conviction." Reply Br. at 10. This argument is not well-taken because the State's interpretation of the statute does not extend its scope beyond prior convictions for felony sex offenses in this or any other state.
[19] Arguments that are not supported by citation to legal authority will not be considered on appeal. RAP 10.3(a)(5); see also State v. Lord, 117 Wash.2d at 853, 822 P.2d 177.
[20] CP at 123-24.
[21] CP at 126.
[22] RP 8/19/03 at 4.
[23] Miller, 110 Wash.2d at 532, 756 P.2d 122; Shineman, 94 Wash.App. at 62, 971 P.2d 94.
[24] McInally contends he can raise this argument for the first time on appeal because it is a corollary to his due process argument and therefore is of constitutional magnitude. The State does not challenge this contention, but argues his equitable estoppel argument fails for the same reason his due process argument fails.