IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30677-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CURTIS GENE GANSKE, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Curtis Gene Ganske pleaded guilty to second degree burglary. Mr.

Ganske's plea agreement allowed the State to revoke the agreement if Mr. Ganske

became involved in any further violation of the law. After Mr. Ganske was detained for a

misdemeanor violation in another county, the State recommended a sentence greater than

that set forth in the agreement. Mr. Ganske appeals, contending that the State breached

the terms of his plea agreement. We disagree and affirm.

FACTS

Mr. Ganske was charged with second degree burglary in Benton County. Mr.

Ganske entered into a plea agreement with the Benton County prosecuting attorney's

office. Generally stated, Mr. Ganske agreed to provide information and assistance to law

enforcement and maintain weekly contact with the supervising detective. In return, upon completion of Mr. Ganske's responsibilities, the State agreed to recommend a 24-month exceptional sentence downward in place of the standard range sentence of 51 to 68 months. The plea agreement also contained a provision that allowed the State to revoke the agreement if Mr. Ganske became involved in any further violation of the law, irrespective of whether Mr. Ganske was charged or convicted of the offense.

At the plea hearing, the State advised the court that the 24-month recommendation was for the exceptional sentence, but that it would recommend 65 months if the elements of the exceptional sentence were not satisfied. Mr. Ganske stated that he understood the State's position.

A few months later, Mr. Ganske's sentencing hearing was held. Mr. Ganske failed to appear because he was being held on a misdemeanor violation in Spokane. A bench warrant was issued for Mr. Gankse's arrest. At a second sentencing hearing, the State recommended a sentence of 65 months, based on Mr. Ganske's past and ongoing criminal activity. Mr. Ganske did not attempt to have the plea agreement enforced. The court sentenced Mr. Ganske to 60 months of incarceration.

Mr. Ganske appeals. He contends that the State breached the plea agreement when it failed to adhere to the 24-month recommendation made at the plea hearing.

2

ANALYSIS

"Because a plea agreement is a contract, issues concerning the interpretation of a plea agreement are questions of law reviewed de novo." *State v. Bisson*, 156 Wn.2d 507, 517, 130 P.3d 820 (2006).

"Due process requires a prosecutor to adhere to the terms of the [plea] agreement." *State v. Sledge*, 133 Wn.2d 828, 839, 947 P.2d 1199 (1997). Thus, a prosecutor's failure to abide by a plea agreement is a manifest error affecting a constitutional right and may be raised for the first time on appeal. *State v. Sanchez*, 146 Wn.2d 339, 345-46, 46 P.3d 774 (2002).

"The State fulfills its obligations if it acts in good faith and does not contravene the defendant's reasonable expectations that arise from the agreement." *State v. McInally*, 125 Wn. App. 854, 861-62, 106 P.3d 794 (2005). When a defendant fails to comply with the terms of a plea agreement, he or she loses the right to enforce the agreement. *Id.* at 867.

If there is a genuine factual dispute as to whether the defendant breached the agreement, remand for an evidentiary hearing is required. *In re Pers. Restraint of James*, 96 Wn.2d 847, 850, 640 P.2d 18 (1982). But if no question exists as to the defendant's breach, this court need not order an evidentiary hearing. *See State v. Hall*, 32 Wn. App.

3

No. 30677-1-III
*State v. Ganske*

108, 110, 645 P.2d 1143 (1982).

Here, the State was not required to abide by the terms of the plea agreement. Mr. Ganske breached the terms of the plea agreement by a further violation of the law, a misdemeanor in Spokane. Mr. Ganske understood that a violation of the plea agreement would result in a 65-month sentence recommendation by the State, instead of a 24-month recommendation.

There is no need to remand for an evidentiary hearing because there is no question as to Mr. Ganske's breach. He admitted to the court that his misdemeanor offense was the reason he failed to appear at his initial sentencing hearing. Thus, the State had no obligation to recommend a 24-month exceptional sentence.

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Kulik, J.

WE CONCUR:

Korsmo, C.J.

Fearing, J.

4