[No. 34221-9-II.   Division Two.   January 9, 2007.]

THE STATE OF WASHINGTON, *Appellant*, v. M.D.P.,[†] *Respondent*.

---

[†] The nature of this case requires some confidentiality. Accordingly, under RAP 3.4, we do not use the name of this party.

594

*H. Steward Menefee, Prosecuting Attorney,* and *Katherine L. Svoboda, Deputy,* for appellant.

*Peter B. Tiller* (of *The Tiller Law Firm*), for respondent.

¶1 HOUGHTON, C.J. — The State appeals a trial court's decision to seal a juvenile's criminal record. Because M.D.P. had three adjudications of class A felony sex offenses, he did not meet the requirements for sealing his juvenile record under RCW 13.50.050. We reverse and remand with instructions to unseal the record.

## FACTS

¶2 On July 22, 1999, 16-year-old M.D.P. pleaded guilty to three counts of first degree child molestation. First degree child molestation is a class A felony and a sex offense. RCW 9A.44.083.

¶3 On September 27, 2005, he moved to seal his juvenile record under RCW 13.50.050(11). In his motion, he stated, "I have not been convicted of a class A or sex offense." Clerk's Papers (CP) at 11. The State opposed the motion. The trial court granted the motion, sealing M.D.P.'s juvenile record, and the State appeals.

## ANALYSIS

¶4 The State contends that the trial court erred in sealing M.D.P.'s juvenile record because RCW 13.50.050 prohibits sealing a juvenile record when the record contains adjudications of class A or sex offenses.[1] He counters by asking for equitable relief.

¶5 RCW 13.50.050 governs the sealing of juvenile criminal records. In July 1997, the legislature amended RCW 13.50.050, adding a prohibition against sealing any juvenile record containing a felony sex offense.[2] In 2001, the legislature again amended RCW 13.50.050, prohibiting sealing a juvenile record of any offender who had a prior sex offense and who had filed a motion to seal his juvenile records after July 1, 1997.[3]

¶6 In July 1999, when M.D.P. pleaded guilty to three counts of child molestation, RCW 13.50.050 prohibited sealing his juvenile record because he was convicted of

---

[1] The State claims that the trial court also vacated M.D.P.'s juvenile adjudications. The record denotes otherwise. In the trial court's order sealing the record, the introductory language states that the minor sought an order that his record be "expunged." CP at 14. The order, however, provides that the juvenile records, including Washington State Patrol and Federal Bureau of Investigation records, "shall be sealed." CP at 14. The trial court did not order the juvenile record expunged.

[2] After the 1997 amendments, RCW 13.50.050(11) provided, "The court shall grant the motion to seal records made pursuant to subsection (10) of this section if it finds that: . . . (d) The person has not been convicted of a class A or sex offense." Former RCW 13.50.050(11) (amended by LAWS OF 1997, ch. 338, § 40).

[3] The current statute reads, "The court shall not grant any motion to seal records made pursuant to subsection (11) of this section that is filed on or after July 1, 1997, unless it finds that: . . . (d) The person has not been convicted of a class A or sex offense." RCW 13.50.050(12) (amended by LAWS OF 2001, ch. 49, § 2).

three class A felony sex offenses. Moreover, the legislature's 2001 amendments to RCW 13.50.050 prohibited sealing his juvenile record because he had three adjudications of class A felony sex offenses and because he filed his motion to seal his juvenile records after July 1, 1997. Because the disposition of criminal records is a matter "uniquely within the Legislature's domain," the trial court did not have authority to seal M.D.P.'s juvenile record. *State v. Gilkinson*, 57 Wn. App. 861, 866, 790 P.2d 1247 (1990).

¶7 M.D.P. nevertheless argues that we should affirm the trial court's decision by granting equitable relief. He states that his motion and affidavit to seal his records show he entered his plea in the belief that he would be able to seal his juvenile records. But his motion to seal required him to swear that he did not have any adjudications of a "class A or sex offense," which he does have. CP at 11. The version of RCW 13.50.050 at the time he pleaded guilty and when he filed the motion to seal informed him of the prohibition against sealing his juvenile record because he has three adjudications for class A felony sex offenses. His equitable relief argument does not persuade us.

¶8 Reversed and remanded with instructions to unseal the record.

ARMSTRONG and HUNT, JJ., concur.